UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERIC TAUBMAN, WILLIAM MAYER and
FIRST NATIONAL LAND DEVELOPMENT COMPANY
OF NEW YORK, LLC,

                Plaintiffs,

      - against -

ZOHAR COHEN, A.K.A. ZOHAR ABIKZER, A.K.A.
ZOHAR ABIKZER COHEN, COHEN BRAFFITS ESTATE
DEVELOPMENT, LLC, THOMAS WILLIAMS and
BRAFFITS MOUNTAIN LIQUIDATION UNIT, LLC,

                Defendants.

Civ. Action No.

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1334, 1452(a) and Fed. R. Bankr. P. 9027, Defendant Zohar Abikzer Cohen ("Cohen"), by and through his counsel, Duane Morris LLP, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.

Defendant Cohen appears for the purposes of removal only and for no other purpose, reserves all defenses and rights available to him. No statement herein, or any omission, shall be deemed to constitute an admission by Defendant Cohen of any of the allegations or damages sought in the Complaint. Defendant Cohen sets for the following grounds for removal:

**The Bankruptcy Court Proceeding**

1. On August 23, 2012, Braffits Creek Estates, LLC (the "**Debtor**") filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**") as case number 12-19890-LED (the "**Bankruptcy Court Proceeding**").

2. On April 25, 2014, Cohen Braffits Estates Development LLC ("**CBED**"), the largest secured creditor in the Bankruptcy Action, filed a plan of reorganization (the "**Plan**"). Defendant Cohen is the managing member of CBED.

3. On October 20, 2014, the Bankruptcy Court entered an Order confirming the Plan. The Plan provides for certain payments and distributions to be made by the Debtor and funded by CBED, including CBED's contribution of $10,000 to form a Liquidating Trust for the benefit of the unsecured creditors and CBED's payment of 100% of Allowed Administrative Expenses. Pursuant to the Plan, following the Effective Date, CBED will took ownership of 100% of the equity of the Reorganized Debtor.

4. The Bankruptcy Action is now nearing its end. To the extent that there are expenses outstanding that CBED is obligated to pay under the Plan, CBED intends to adhere to those obligations and bring the Bankruptcy Action to a successful conclusion.

5. For example, by Order entered on October 5, 2015 (Bankruptcy Action ECF No. 353), the Bankruptcy Court directed that no later than forty-five (45) days after the date of entry of this Order, [CBED] ("Plan Proponent") shall fund and establish the liquidating trust ("Liquidating Trust") provided for in the Cohen Braffits Estates Development, LLC's Third Amended Plan of Reorganization [ECF No. 230] and in the Order Confirming the Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [ECF No. 250]." A recently-filed state court action threatens to interfere with that effort.

**The State Court Action**

6. On August 15, 2015, Plaintiffs Eric Taubman, William Mayer and First National Land Development Company of New York, LLC filed this action in the Supreme Court for the State of New York, County of Nassau (the "State Court Action"). The Index Number assigned to the State Court Action is 605266/2015. In the State Court Action, Plaintiffs seek "to be

2

declared one half owner of the Braffits Mountain Property located in Utah which is presently held in abeyance by a [C]hapter Eleven Bankruptcy." (Compl. ¶ 21.)

7. The State Court Action Complaint further seeks the following declaratory relief in connection with the Bankruptcy Court Proceeding: "That Plaintiffs be granted full rights and participation in the Chapter 11 Bankruptcy proceeding presently pending in Utah with the assistance of a receiver if necessary." (Compl. ¶ 25.)

8. The State Court Action Complaint further alleges that Defendants Cohen and CBED "failed to Protect Plaintiffs rights in that proceeding which had to do with the administration under a chapter 11 plan which included the paying of Court and United States Trustee fee, the payments it agreed to pay to Debtor's Counsel, the failure to submit operating reports as required by the Court and it[]s local rules, and failed to abide by the confirmation order and other orders of that Court." (Compl. ¶ 66.)

9. Further, in their State Court Action Complaint, "Plaintiff[s] seek a temporary and then a permanent injunction against the defendants Cohen Braffits Estates Development, LLC and Zohar Cohen from impeding or interfering with Plaintiff's [sic] actions in entering the United States Bankruptcy Court and asserting their rights and curing the defaults brought about by Zohar Cohen and Cohen Braffits Estates Development, LLC and furthermore in participating in and helping bring about the proper administration of the bankrupcy Estate." (Compl. ¶ 70.)

10. On October 13, 2015, the State Court signed Plaintiffs' Order to Show Cause which granted Plaintiffs' request for interim relief, *inter alia*, the following:

- Restrain[ing] Defendant Cohen from exercising management, control or ownership rights over CBED including but not limited to all assets, financial interests, and or bank accounts and directing that pending further Order of this Court;
- Appointing Plaintiff Eric Taubman as manager of CBED with the sole right of management and control of CBED subject to the State Court's supervision and as sole representative shall be authorized and empowered to speak and act on behalf of the Company regarding the Bankruptcy Court Proceeding;

3

- appointing Michael Montesano, Esq. as receiver for CBED to administer to the company having all authority and powers to speak on behalf of the Company, for all matters, including the Bankruptcy Court Proceeding.

(Ex. AA.)

## All Requirements for Removal Are Met

11. Defendants hereby exercise their rights to remove this action from the State of New York, Supreme Court, County of Nassau. Pursuant to 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

12. In turn, 28 U.S.C. § 1334 provides the district courts with jurisdiction over "all civil proceedings arising under, arising in or related to" cases in bankruptcy. For purposes of removal jurisdiction, a civil action is related to" a bankruptcy proceeding when the civil action's "outcome might have any conceivable effect" on the bankrupt estate." *In re Cuyahoga Equip. Corp*. 980 F.2d 110, 114 (2d Cir. 1992).

13. The outcome of the State Court Action against Defendants will clearly impact the bankruptcy estate and the implementation of the Plan and is therefore, at a minimum, related to the Bankruptcy Court Proceeding. In the State Court Action, Plaintiffs seek to wrest control of CBED, the largest secured creditor which became the 100% equity owner of the Debtor upon the Effective Date, in order to accomplish said goal.

14. Further, the State Court Action explicitly seeks to assert rights Plaintiffs claim to possess with respect to the Bankruptcy Court Proceeding. (Compl. ¶¶ 64-70.)

15. In addition, the State Court's Order to Show Cause is in direct conflict with and interferes with CBED's obligations in the Bankruptcy Court Proceeding. A sufficient nexus therefore exists between the State Court Action and the Bankruptcy Court Proceeding to provide the federal courts with jurisdiction pursuant to 28 U.S.C. § 1452(a).

16. This Notice of Removal is timely under Fed. R. Bankr. P. 9027(a)(3) because Defendants Cohen filed it within thirty days of September 24, 2015, the date on which service of the Summons and Complaint upon Defendant Zohar Cohen became effective. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); N.Y. C.P.L.R. 308(4) (McKinney 2010).

17. Pursuant to 28 U.S.C. § 1334(b), consent and joinder in the within removal is not required from the other Defendants to this action. *See Conn. Res. Recovery Auth. v. Lay*, 292 B.R. 464, 471 (D. Conn. 2003). Notwithstanding the foregoing, Defendants CBED and Thomas Williams will file a Consent and Joinder in Notice of Removal.

18. Defendant Cohen respectfully submits that the Consent and Joinder by Defendant Braffits Mountain Liquidation Unit, LLC is not required because, upon information and belief, the entity is under the control of Plaintiffs, and as such a request for such consent would be futile.

19. Pursuant to Fed. R. Bankr. P. 9027(a)(1), Defendant Cohen states that the causes of action asserted in the Complaint are core. *See* 28 U.S.C. § 157(b)(2)(A)&(O). To the extent any of the causes of action asserted in the State Court Action is non-core, Defendant Cohen consents to the Bankruptcy Court's entry of final judgment in connection with the State Court Action.

20. In accordance with Local Civil Rule 81.1(c), the record in the State Court, including all process, pleadings, orders, and other papers or exhibits of every kind, on file in the State Court, are attached hereto as <u>Exhibits A through MM</u>.

| Exhibit | Document |
|---|---|
| A | Summons and Complaint |
| B | Affidavit of Service |
| C | Affidavit of Service |
| D | Affidavit of Service |
| E | Memorandum of Law in Support of Motion to Dismiss |
| F | Exhibits A through E to Memorandum of Law |
| G | Affidavit of Service |
| H | Request for Judicial Intervention and RJI Commercial Division Addendum |
| I | Proposed Order to Show Cause |
| J | Affidavit of Plaintiff Eric Taubman |
| K | Affidavit of Plaintiff William Mayer |
| L | Michal Previto Attorney Affirmation and Memorandum of Law |
| M | Attorney Certification Pursuant to 22 N.Y.C.R.R. § 130 |
| N | Exhibit 1 to Previto Affirmation |
| O | Exhibit 2 to Previto Affirmation |
| P | Exhibit 3 to Previto Affirmation |
| Q | Exhibit 4 to Previto Affirmation |
| R | Exhibit 5 to Previto Affirmation |
| S | Exhibit 6 to Previto Affirmation |
| T | Exhibit 7 to Previto Affirmation |
| U | Exhibit 8 to Previto Affirmation |
| V | Exhibit 9 to Previto Affirmation |

| Exhibit | Document |
|---|---|
| W | Affirmation of Notice and Emergency by Michael Previto |
| X | Affidavit of Service of Order to Show Cause |
| Y | Memorandum of Law in Support of Motion to Dismiss |
| Z | Letter from Plaintiffs' Counsel |
| AA | Order to Show Cause |
| BB | Letter from Plaintiffs' Counsel |
| CC | Supplemental Affirmation of Michael Previto |
| DD | Exhibit 10 to Supplemental Previto Affirmation |

21.  Defendant Cohen will serve a copy of this Notice of Removal with counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Nassau.

WHEREFORE, Defendant Cohen pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 removes this action in its entirety from the Supreme Court of the State of New York, County of Nassau, to this Court.

Dated: New York, New York
October 19, 2015

**DUANE MORRIS LLP**

By:   s/ Andrew T. Hahn
     Andrew T. Hahn (AH-6283)
     Ralph Carter (RC-6550)
1540 Broadway
New York, New York 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020
Email: athahn@duanemorris.com
       rcarter@duanemorris.com

*Attorneys for Defendant Zohar Abikzer Cohen*