# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index no _____
Date Summons filed _____
Plaintiff designates **Nassau**
County as the place of Trial
Basis of Venue: **Plaintiffs residence**

_____ X

Eric Taubman, William Mayer
and First National Land Development
Company of New York, LLC.

                                    Plaintiffs

-Against -

**SUMMONS WITH NOTICE**

Plaintiff Resides at: 35 Wheatley Rd
Old Westbury, NY 11568

Zohar Cohen, a.k.a. Zohar Abikzer, a.k.a.
Zohar Abikzer Cohen, Cohen Braffit Estate
Development, LLC, Thomas Williams and
Braffits Mountain Liquidation Unit, LLC
                                    Defendants

_____ X

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** To serve a Notice of Appearance on the Plaintiff's Attorney within
Twenty (20 ) days after the service  of this summons, exclusive of the day of service ( or within thirty
(30)  days after the service is complete if this summons is not personally delivered to you within the
state of New York), and in case of your failure to appear  judgment will be taken against you by default
for the relief demanded in the notice set forth below.

Dated August 15, 2015

                            Michael L. Previto
                            Attorney for Plaintiff
                            6 Lyndon lane
                            S. Setauket,  N.Y. 11720
                            631-379-0837

**The relief sought is a Judgment in the amount of $4,812,000.00 in favor of the Plaintiffs against the
defendants in this action. The nature of any ancillary relief requested is attached in the complaint.**

To: Zohar Cohan, a.k.a. Zohar Abikzer            To: Cohen-Braffits Estate Development, LLC
      a.k.a Zohar Abikzer Cohen                          721 Fifth  Avenue
      29 Dolson Road                                          New York, N.Y. 10022
      Monsey, New York 10952

To : Braffits Mountain Liquidation Unit ,LLC        To: Thomas Williams, Esq.
      35 Wheatley Road                                      220 Franklin Turnpike
      Old Westbury, New York 11568                    Mahwah, N.J. 07430

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNY OF NASSAU**

-----------------------------------------------------------------X

Eric Taubman, William Mayer, and                              Index no.
First National Land Development Company of
New York, LLC,

                                    Plaintiffs,               **VERIFIED COMPLAINT**

          -against-

Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar Abikzer
Cohen, Cohen Braffits Estate Development, LLC.,
Thomas Williams, Esq., and Braffits Mountain
Liquidation Unit, LLC,

                                    Defendants.

-----------------------------------------------------------------X

Plaintiffs by its attorney Michael L. Previto, as and for its Verified Complaint, respectfully

alleges as follows:

1.  Plaintiff Eric Taubman is an individual residing at 35 Wheatley Road, Old Westbury, in the
    County of Nassau, State of New York.

2.  Plaintiff William Mayer is an individual residing at 149-30 83r$^d$ Street, Howard Beach, in
    the County of Queens, State of New York.

3.  Plaintiff First National Land Development Company of New York, LLC., hereinafter
    sometimes referred to as FNLDC, is a New York Company having an office located at 31
    Wheatley Road, Old Westbury, N.Y. and is owned by Plaintiffs Mayer and Taubman.

4.  Upon information and belief defendant Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar
    Abikzer Cohen (hereafter referred to as Cohen) is an individual who resides in the State of
    New York having an address located at 29 Dolson Road, Monsey, New York 10952 and
    also does business at 721 Fifth Avenue, New York, NY 10022.

5.  Upon information and belief the defendant Thomas Williams, Esq., is an Attorney at Law
    having offices located at 220 Franklin Turnpike, Mahwah, New Jersey 07430, and office
    located at 16 Chestnut Street, Suffern, NY 10901.

6.  Defendant Cohen Braffits Estate Development, LLC., hereafter sometimes referred to as
    CBED, is a New York Limited Liability Company that maintains an office located at 721
    Fifth Avenue, New York, NY and is owned by defendant Cohen.

7.  Defendant Braffits Mountain Liquidation Unit, LLC., hereafter sometimes referred to as BMLU, is a New York Company equally owned by the plaintiff's Company FNLDC and the defendant's Company CBED.

8.  Plaintiffs Mayer and Taubman and defendant Cohen are contracted joint owners of the Braffits Liquidation Unit, LLC (BMLU) formed for the purpose of purchasing, owning and holding that piece of distressed property currently held by the United States Bankruptcy court in the State of Utah, now hereafter referred to as the Braffits Mountain Property.

9.  Upon information and belief, prior to the plaintiff's involvement with defendant Cohen and the Braffits Mountain Property, it was alleged in a New York Supreme court action, RMB Properties vs .Zohar Cohen., the formation of Braffits Estates Development, LLC and its purchase of the interest, rights, and ownership of the Braffits Mountain Property. The defendant Cohen solicited and induced one RMB Properties to fund the defendant the sum total amount of $120,000. This inducement was fraudulent.

10. On or about March 4, 2013, a company called Kennedy Funding, Inc., a New Jersey corporation, entered into a Note and Mortgage Purchase and Sale Agreement with defendant Cohen Braffits Estates Development, LLC, (CBED), an entity formed by defendant Cohen on information and belief using the funds wrongfully taken from RBM. Neither Plaintiff nor Plaintiff's principal was a member of Cohen Braffits Estates Development, LLC.

11. Cohen did not use RMB's $120,000 in accordance with the original deal that had been discussed with defendant Cohen by RBM, and RBM sought Judgment for the return of the $120,000, with interest, asserting causes of action for quasi contract (unjust enrichment), conversion, breach of fiduciary duty, violation of Judiciary Law § 487 and injunctive relief.

12. Thereafter defendant Cohen approached plaintiff's Mayer and Taubman to purchase a certain note and interest in the Braffits Mountain Property. The parties discussed the purchase, and formed an entity named the Braffits Mountain Liquidation Unit LLC, (BMLU), to purchase the note from defendant Cohen's company CBED. Defendant Cohen did not disclose the prior transaction or impending lawsuit with Plaintiffs Mayer and Taubman.

13. The Plaintiffs Mayer and Taubman then entered into a signed agreement with defendant Cohen for the purchase and ownership of fifty percent equal share of the Braffits Mountain Property.

14. Defendant Cohen assigned all of his rights, title, and interest in the Braffits Mountain Property to the Braffits Mountain Liquidation Unit, LLC, (BMLU), in an "Assignment of Real Estate Contract and Sale Agreement."  As a result, plaintiff's company FNLDC and the defendant's company CBED are fifty percent owners of BMLU including fifty percent ownership of all holding.

15. Defendant Cohen thereafter breached the contract.

## AS AND FOR THE FIRST CAUSE OF ACTION

16. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

17. Plaintiffs, in good faith and with contemplation of commencement of a deal duly funded the defendants as follows:  Payments of approximately $750,000.00 were to be made to along with a conveyance of properties located and commonly known as 1030 Woodycrest , Bronx, New York , 828 Cortland Bronx, New York and 1535 Taylor, Bronx New York,  to the Hudson Valley Resort Spa in Kerhonkson, New York, and the Braffits Mountain Property in Iron County, UT as conveyed to the defendants.  Said Properties was valued at 15,820,000.00.

18. As a result of the defendant's conduct, defendants have been unjustly enriched, and Plaintiff is entitled to recover, under the doctrines of unjust enrichment and quasi contract, the amount of $15,820,000.00 together with prejudgment interest, attorney's fees, expenses, costs and disbursements.

19. Plaintiff's have been damaged in the amount of 15,820,000.00 of which nothing has been paid.

## AS AND FOR THE SECOND CAUSE OF ACTION

20. Plaintiffs repeat, reiterate, and re allege the foregoing allegations as if fully stated herein.

21. That the defendants never lived up to their agreements and as such breached the contract between the Parties. As a result the Plaintiffs demand specific performance of the contracts awarding one half ownership of the defendant's company Cohen Braffits Estate Development, LLC., and also be declared one half owner of the Braffits Mountain Property located in Utah which is presently held in abeyance by a chapter Eleven Bankruptcy.

## AS AND FOR THE THIRD CAUSE OF ACTION

22. Plaintiffs repeat, reiterate, and reallege the foregoing as if fully stated herein.

23. That Plaintiffs seek a Declaratory Judgment confirming their contractual rights to the promissory note as per the signed contracts granting them jointly and severally one half ownership of the purchased note and all rights, interest and benefits derived from said ownership.

24. That the declaratory relief requested will 1. Confirm the Plaintiff's and Defendant's fifty percent ownership of BMLU through their respective company's, FNLDC and BBDE, and 2. Confirm the Plaintiff's claims and rights under the signed contracts with the defendant of certain property located in Utah known as the Braffits Mountain Property.

25. That Plaintiffs be granted full rights and participation in the Chapter 11 Bankruptcy proceeding presently pending in Utah with the assistance of a receiver if necessary.

26. That in additional to this relief that Plaintiffs be awarded all reasonable legal fees and costs incurred in the prosecution of this action

## AS AND FOR THE FOURTH CAUSE OF ACTION

27. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

28. The parties entered into a series of contracts whereby the defendants, jointly and severally were to pay off a tax lien on the distressed property and in general administer the rights of all parties with respect to expenses, costs and disbursements in the appearance and representation of all parties in the United States Bankruptcy Court in The State of Utah. This was part of the Contract whereby FNLDC was to receive half ownership of the Bronx properties and half ownership of the Hudson Valley Resort Spa where the defendants received all sums called for in the contracts.

29. Instead the defendant Cohen diverted the funds due the Braffits, paid only a small percentage of the back tax and thereafter refused to take any action with respect to the proper representation of the parties in said proceeding.

30. That furthermore the defendant Cohen either alone or in concert with others conspired to convert the Properties in New York commonly known as 1030 Woodycrest Bronx, New York, 1535 Taylor, Bronx, New York and 828 Cortland, Bronx New York to his own use, and as such liquidated said properties.

31. Said liquidation was without authority in the Contract and violated the terms and conditions of said contract and the laws of the state of New York, and the United States of America.

32. As such the defendant Cohen and his corporations are guilty of unlawful conversion and have damaged the Plaintiffs in the amount of at least 3 million dollars plus 6 million in punitive damages.

## AS AND FOR THE FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

34. The defendants jointly and severally are guilty of Breach of Contract.

35. Plaintiff has been damaged in the amount of at least 15,000,000.00 representing one half of the expected profits of the Utah land.

## AS AND FOR THE SIXTH CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation herein above as if fully set forth herein.

37. Thomas Williams is an Attorney duly admitted to practice law before the courts of New Jersey and New York and upon information and belief has a place of business located at 220 Franklin Turnpike, Mahwah, New Jersey, and at 16 Chestnut Street, Suffern, NY 10901.

38. In the Spring and summer of 2013 the defendant Williams acted as Attorney for defendant Cohen as well as for the Plaintiffs and their corporations.

39. That at the time Plaintiff Mayer along with one Inez Baron attended a meeting in April of 2013 with defendants Cohen and Williams. Mayer relied on the defendant William's advice and integrity as an Attorney in deciding whether to go forward with the transaction. That Defendants Zohar and Williams acting in concert advised the Plaintiff Mayer and subsequently Plaintiff Taubman that they were in control of Hudson Valley Resort and Spa

(HVRS) and that the Plaintiff's through FNLDC were 50% operating owners. In addition they supplied the Plaintiff with "spread sheets" showing the cash flow of HVRS and represented to them that upon receipt of $225,000.00 they would be half owners of the Braffits Mountain Property. As such they fraudulently induced Plaintiff's to pay the $225,000.00.

40. That at the behest of Cohen, Williams at a meeting in April 2013 showed the Plaintiff Mayer and one Inez Baron various documents that purported to show the relative safety of their investment, including a chart that represented that income from HVRS property would be more than enough to sustain the money required to continue the investment in the Braffit's project.  Defendant Cohen, in front of Williams showed Plaintiff Mayer and Inez Baron copies of checks in the name of the Cohen Trust Fund for the amounts of 3 million and 6 million dollars.

41. Defendant Cohen, in front of Williams, represented he would have the resources to complete the deal after the $225,000. 00 was paid using his family's "Cohen Trust Fund", if any problems arose.  That further, " Profit and Loss" statements purporting to show the bright prospects of the HVHS were sent to Plaintiffs Mayer and Taubman, and one Kinan Nimeh, to further induce Plaintiff Mayer to mortgage his home and invest the sums requested.  These documents were fraudulent, as well as Cohen's purported wealth, and Williams Knew it.

42. Further, the actions of defendant Williams in advising Plaintiff's induced the plaintiff Mayer to pay this money.  Thereafter Williams sent an e-mail confirming these misrepresentations.

43. After the transaction, Plaintiff Mayer hired his own attorney, Andrew L. Jaloza, Esq., who attempted to obtain the status of the entities that were represented by Cohen and Williams to be profitable and thereby securing the funds Mayer sent, but was unsuccessful.

44. It was later found out that plaintiffs Mayer and Taubman had been deceived and that the properties were not generating sufficient income. That as a result the defendants fraudulently induced Mayer to send additional monies which were in fact never used for the purpose intended. It is now believed the " Cohen Family Trust Fund " never existed.

45. That as a result of the foregoing defendant Williams, Esq., acting in concert and in conspiracy with Cohen, fraudulently induced the " investment" of Plaintiff's money.

46. As a result of the foregoing the defendant Williams, Esq., is guilty of misrepresentation and fraud and has damaged the Plaintiffs in the amount of 350,000.00 plus interests costs and Attorney fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

47. Plaintiffs repeat, reiterate and re alleges the foregoing allegation as if fully stated herein.

48. Defendant Williams owed a duty to Plaintiffs of candor and truthfulness as well as a duty to properly investigate the facts he was asked to propound to the proposed investors. In failing to properly investigate and accurately report the true financial picture of the situation in order to allow the Plaintiffs to make a properly informed decision, the defendant Williams, Esq., is guilty of negligence and legal malpractice and has damaged the Plaintiffs in the amount of $350,000.00 plus interest due and owing since April 13 2013.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

49. Plaintiff repeats, reiterates and re alleges the foregoing as if fully stated herein.

50. That Cohen acting in concert with Williams, fraudulently induced the Plaintiff Mayer to apply for and procure a mortgage on his own premises, in an amount in excess of  $224,000 which was represented by Cohen and Williams to be used as further investment in the above described transactions.

51. That in addition to the conduct alleged hereinabove Plaintiff Mayer was threatened with losing his investment to date unless he complied.

52. As a result of the foregoing, Plaintiff was damaged in the amount of $224,000 plus all interest and penalties as a result therein.

## AS AND FOR A NINTH CAUSE OF ACTION

53. Plaintiff repeats and realleges the foregoing allegations as if fully stated herein.

54. The defendant Zohar Cohen has over the past several years embarked on a scheme to defraud and embezzle a variety of persons and corporations, the plaintiffs have subsequently come to

know of three other investors who were swindled out of their investments in addition to the parties in this action.

55. That Defendant Cohen's actions, sustained and continuing, have now become a scheme designed as a continuing pattern of racketeering to deprive innocent people of their property and livelihood. In addition to Plaintiff's and RMG it is known he further induced one Harvey Weinstein to invest over 120,000.00 which was never returned or accounted for.

56. That the acts and occurrences that comprise this scheme have all been related to Real Property in this state and other states, in a pattern of fraudulent representations to people, companies and financial institutions.

57. That the damages alleged hereunder are but a part of the entire activity and as a result we request a forfeiture of all property rights that were obtained based upon this fraudulent enterprise.

58. As such it is requested that the Plaintiffs be awarded punitive damages in the amount of 15,000,000.00 plus interest.

## AS AND FOR AN TENTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates, and re alleges the foregoing as if fully stated herein.

60. Both defendants Cohen and Williams, Esq., have agreed and confirmed in writing and through plaintiffs Mayer's attorney , Andrew L. Jaloza, Esq., that upon the settlement of the Kennedy Funding, Inc. lien on the Braffits Mountain Property, that Cohen will "immediately" forward Plaintiff Mayer $300,000.

61. Upon information and belief the Kennedy Funding, Inc. lien was settled some time in January of 2014.  Defendant Cohen did not inform the Plaintiffs of the lien settlement nor did they forward the money to the Plaintiffs or to the Plaintiff's company FNLDC.

62. Defendants Cohen and Williams, Esq., continue not to communicate with the Plaintiffs stating that we are "minority members," and not entitled to information.  Plaintiff's attorney Andrew L. Jaloza, Esq., has not been successful obtaining any information on the Plaintiffs investments from both defendants. That as a result the Plaintiff's herein have been "shut out" of the transactions for which they contracted and paid money for.

63. Plaintiffs demand immediate payment of $300,000 now due and owing as per confirmed agreements.

## AS AND FOR A ELEVENTH  CAUSE OF ACTION

64. Plaintiff's repeat reiterate and reallege the foregoing allegations as if fully stated herein.

65. That at all times the defendant's Cohen Braffits Estates Development, LLC and Zohar Cohen were under a duty to protect and properly administer Plaintiff's rights in a Bankruptcy case Entitled Braffits Creek Estates , L.L.C. in a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

66. That after obtaining the monies alleged above the defendants Cohen Braffits Estates and Zohar Cohen failed to Protect Plaintiff's rights in that proceeding which had to do with the administration under a chapter 11 plan which included the paying of Court and United States Trustee fee, the payments it agreed to pay to Debtor's Counsel , the failure to submit operating reports as required by the Court and it's local rules, and failed to abide by the confirmation order and other orders of that Court.

67. Further, the Defendants have not established and funded a liquidation trust as required by Order of the bankruptcy Court.

68. These defaults are considered " material " to the confirmation proceeding and the defendants have failed to take the proper action to protect its investors, the plaintiffs in its stake in the properties presently held by the bankruptcy court.

69. As a result of the foregoing the defendants  through their consistent failure to properly administer the Plan they themselves put forth and had confirmed have forced the United States Trustee to move that  court to convert the chapter 11 filing to a Chapter 7, which has jeopardized the Plaintiff's ability to protect their interests in the Bankruptcy Court.

70. As a result of the Foregoing the Plaintiff seek a temporary and then a permanent injunction against the defendants Cohen Braffits Estates Development, LLC and Zohar Cohen from impeding or interfering with  Plaintiff's actions in entering the United States Bankruptcy Court and asserting their rights and curing the defaults brought about by  Zohar Cohen and Cohen Braffits Estates Development, LLC and furthermore in participating in and helping bring about the proper administration of the bankruptcy Estate.

71. That the plaintiffs be appointed as Receiver of the Entity known as Cohen Braffits Development Estate, LLC. with full rights to administer actions of the Company, or in the alternative to this court appoint a receiver to carry out these duties and to protect the Plaintiffs and their rights.

**WHEREFORE,** for the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

(i)     A declaratory Judgment awarding Plaintiff's full rights in the Braffit Properrty.

(ii)    The recovery of 15,820,000.00 from the defendants Cohen and Cohen Braffits Estate Development, LLC., and such other related companies as may exist,

(iii)   The recovery of $ 350,000.00 from the defendant Williams, along with compensatory damages with respect to the malpractice cause of action.

(iv)    Awarding Plaintiff costs, disbursements and attorneys' fees associated with this action,

(v)     That Plaintiffs be appointed Receiver for the Cohen Braffits Estates Development, LLC., and that the defendants be enjoined from any interference of Plaintiff's actions and duties in carrying out the proper administration of the defendant Cohen Braffits Estate Development, LLC.,

(vi)    Immediate payment of Kennedy Funding lien agreement of $300,000.00, and

(vii)   Such other and further relief as the Court deems just and proper.

Dated: 8/15/15

By: _____
        Michael L. Previto
        Attorney of Law
        6 Lyndon Lane
        Centereach, New York 11720
        631-379-0837

To: Zohar Cohen
a/k/a  Zohar Abikzer
a/k/a Zohar Abikzer Cohen
29 Dolson Road
Monsey, New York 10952

Cohen Braffits Estate Development
721 Fifth Avenue
New York, N.Y. 10022

Braffits Mountain Liquidation Unit
31 Wheatley Road
Old Westbury, New York 11568

Thomas Williams Esq.
16 Chestnut Street
Suffern, New York 10901

VERIFICATION

Michael L. Previto, an Attorney duly admitted to practice law before the courts of the state of New York
hereby affirms that he is the Attorney for the Plaintiffs, that he has read the foregoing allegations
contained in the attached in the complaint ,knows the contents therein and believes the same to be
true except those allegations based upon information and belief which he believes to be true. The
reason your affiant is submitting this verification is due to Plaintiff residing in a County other than where
your affiant maintains his office and this verification is based on conversations with Plaintiff as well as
books, documents and records maintained in his office received by from Plaintiff.

Affirmed this _/ 5 th_

Of August 2105                                    Michael l. Previto   Esq.

## Attorney Certification

I, Michael L. Previto, hereby certify, under the penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief , Formed after an inquiry reasonable under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCCR Section 130-1.1. c

Dated : 8/15/15

Michael L. Previto

# Exhibit B

**FILED: NASSAU COUNTY CLERK 09/08/2015 10:11 PM** INDEX NO. 605266/2015

NYSCEF DOC. NO. 2 Case 2:15-cv-05995-ADS Document 1-1 Filed 10/19/15 Page 17 of 65 PageID #: 25 RECEIVED NYSCEF: 09/08/2015

Index # **605266/2015**

Attorney(s)

Purchased/Filed: August 15, 2015

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

State of New York | Supreme Court | Nassau County

Eric Taubman et al

Plaintiff

against

Zohar Cohen aka Zohar Abikzar akak Zohar Alikzer Cohen et al

Defendant

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**     Approx. Age:   55 Yrs.

Weight:  120 Lbs.  Height:     5'     Sex:  Female  Color of skin:   White

Hair color:   Brown   Other:

_____ Kyle Warner _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on     August 24, 2015     , at   12:00 pm  , at the office of the

Secretary of State of the State of New York located at 99 Washington Ave, 6th Fl, Albany, New York deponent served
Summons With Notice & Verified Complaint

on

### Cohen Braffit Estate Development LLC

the Defendant in this action, by delivering to and leaving with     Sue Zouky

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of     40     dollars; That said service

was made pursuant to Section   LIMITED LIABILITY COMPANY LAW §303 .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

24th   day of _____ August 2015 _____

PAULA J COLE
NOTARY PUBLIC, State of New York
No. 01CO9042570, Albany County
Commission Expires September 30, 2018

Kyle Warner

**Invoice-Work Order #** 1516027

Attorney File #   **Taubman**

State of New York - Department of State
Receipt for Service

Receipt #:  201508260232                    Cash #: 201508260144
Date of Service:  08/24/2015               Fee Paid: $40 - CHECK
Service Company:  02 ALEXANDER POOLE & CO., INC. - 02

Service was directed to be made pursuant to:  SECTION 303 OF THE LIMITED
    LIABILITY COMPANY LAW

Party Served:  COHEN BRAFFITS ESTATES DEVELOPMENT LLC


Plaintiff/Petitioner:
           TAUBMAN, ERIC



Service of Process Address:
ZOHAR COHEN
711 FIFTH AVENUE
NEW YORK,  NY 10019

                                        Secretary of State
                                          By  SUE ZOUKY

# EXHIBIT C

**FILED: NASSAU COUNTY CLERK 09/08/2015 10:13 PM** INDEX NO. 605266/2015

NYSCEF DOC. NO. 3    Case 2:15-cv-05995-ADS   Document 1-1   Filed 10/19/15   Page 20 of 65 PageID #: 28   RECEIVED NYSCEF: 09/08/2015

Index # **605266/2015**

Attorney(s)    Purchased/Filed: August 15, 2015

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

| State of New York | Supreme Court | Nassau County |
|---|---|---|

Eric Taubman et al

Plaintiff

against

Zohar Cohen aka Zohar Abikzar akak Zohar Alikzer Cohen et al          Defendant

STATE OF NEW YORK )          **DESCRIPTION OF PERSON SERVED:**          Approx. Age:   55 Yrs.
COUNTY OF ALBANY  ) SS
CITY OF ALBANY        )          Weight:  120 Lbs. Height:      5'     Sex:  Female  Color of skin:   White

Hair color:   Brown   Other:

_____ Kyle Warner _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ August 24, 2015 _____ , at   12:00 pm  , at the office of the

Secretary of State of the State of New York located at 99 Washington Ave, 6th Fl, Albany, New York deponent served
Summons With Notice & Verified Complaint

on
### Braffit Mountain Liquidation Unit LLC

the Defendant in this action, by delivering to and leaving with _____ Sue Zouky _____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of _____ 40 _____ dollars; That said service

was made pursuant to Section   LIMITED LIABILITY COMPANY LAW §303 .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

24th   day of _____ August 2015 _____

PAULA J. COLE
NOTARY PUBLIC, State of New York
No. 01CO9042570, Albany County
Commission Expires  September 30, 2018

Kyle Warner

**Invoice Work Order #** 1516028
Attorney File #   **Taubman**

```
                State of New York - Department of State
                         Receipt for Service

Receipt #:  201508260288                    Cash #: 201508260185
Date of Service:  08/24/2015              Fee Paid: $40 - CHECK
Service Company:  02 ALEXANDER POOLE & CO., INC. - 02

Service was directed to be made pursuant to:  SECTION 303 OF THE LIMITED
    LIABILITY COMPANY LAW

Party Served:  BRAFFITS MOUNTAIN LIQUIDATION UNIT, LLC


Plaintiff/Petitioner:
              TAUBMAN, ERIC



Service of Process Address:
BRAFFITS MOUNTAIN LIQUIDATION UNIT, LLC
31 WHEATLEY ROAD
OLD WESTBURY,  NY 11568

                                          Secretary of State
                                            By  SUE ZOUKY
```

# Exhibit D

Case 2:15-cv-05995-ADS   Document 1-1   Filed 10/19/15   Page 23 of 65 PageID #: 31

STATE OF NEW YORK          NASSAU     COUNTY    SUPREME                                COURT
DOCUMENTS SERVED WITH INDEX # 605266/2015
ATTORNEY(S) Michael L. Previto, Esq. ,

_____ *Eric Taubman et al* _____     Plaintiff(s)/Petitioner(s)

                                    *vs*

_____ *Zohar Cohen et al* _____      Defendant(s)/Respondent(s)

County of    Rockland   , State of    New York    .

_____ Mark Sandstrom _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years

of age and resides at    Rockland County, NY    . On    September 3, 2015    at    8:18 am

at                          29 Dolson Road , Monsey, NY 10952

deponent served a    Notice of Commencement of Action Subject to Mandatory Electronic Filing
                     Summons with Notice, Verified Complaint

UPON: _____ **Zohar Cohen a/k/a Zohar Abikzer a/k/a Zohar Cohen Abikzer** _____ , **Defendant**
(herein called recipient) therein named.

**INDIVIDUAL** ☐  by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
described as said person therein.

**CORPORATION** ☐  A _____ corporation, by delivering thereat a true copy of each to _____
personally, deponent knew said corporation so served to be the corporation, described in same as said recipient
and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON** ☐  by delivering a true copy of each to _____ a person of suitable age and discretion.
Said premises is recipient's  [ ]actual place of business   [ ]dwelling house (usual place of abode) within the state.

**AFFIXING TO DOOR** [x]  by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business
[x] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
or a person of suitable age and discretion, having called thereat

| | Day | Mon | Date | 8/31/15 | Time | 12:25 pm | Day | Tues | Date | 9/1/15 | Time | 4:12 pm |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Day | Wed | Date | 9/2/15 | Time | 8:10 pm | Day | Thur | Date | 9/3/15 | Time | 8:18 am |

**MAILING COPY** [x]  Deponent caused a copy of same to be enclosed in a first class postpaid sealed wrapper properly addressed to recipient at
recipient's last known [x]residence [ ] place of employment at:    29 Dolson Road , Monsey, NY 10952
and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the
U. S. Postal Service within the State of New York on    9/3/15
Bearing the legend "Personal and Confidential" and not indicating on the outside thereof, by return
address or otherwise, that the communication is from an attorney or concerns a legal action.
Deponent confirmed with neighbor, Cohen residence but they were unable to provide place of employment.

**DESCRIPTION** ☐  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex _____ Color of skin _____ Color of hair _____ Approx. Age _____
Approx. Height _____ Approx. weight _____ Other _____

**WITNESS FEES** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
☐

**PHOTO** ☐  Deponent was able to identify recipient from a photograph.

**MILITARY SERVICE** ☐  Deponent asked person spoken to whether the recipient was presently in military service of the United States
Government or on active duty in the military service in the State of New York and was informed that recipient was not.

Sworn to before me on this    3rd    day of    September, 2015

_Maribeth Harmon_ (signature)                                              _____ Mark Sandstrom _____
                                                                                         Mark Sandstrom
MARIBETH HARMON
Notary Public, State of New York
No. 01HA620213, Qualified in Rockland
Commission Expires March 9, 2017                        Invoice•Work Order # 9952930

*ATTORNEY SERVICE BUREAU, P.O. BOX 382, POMONA, NEW YORK 10970, 845-638-1323*

# Exhibit E

Case 2:15-cv-05995-ADS   Document 1-1   Filed 10/19/15   Page 25 of 65 PageID #: 33

**SUPREME COURT OF NEW YORK**
**NASSAU COUNTY**

| | |
|---|---|
| Eric Taubman, William Mayer, and First National Land Development Company, | Index NO.:  605266/2015 |
| Plaintiffs, | |
| v | |
| Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar Abikzer Cohen, Cohen Braffits Estates Develoment Company, LLC and Thomas W. Williams | |
| Defendants. | |

_____

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

_____

It is undisputed that the parties in this action, with the exception of Defendant Williams, and the addition of one Kenan Nimeh, entered into negotiations to jointly acquire an interest in some vacant land in Utah.  Those negotiations were never consumated, and litigation ensued.

The first litigation was commenced by Defendant herein Cohen Braffits Estates Development, LLC ("CBED") against Plaintiffs herein, William Mayer and Eric Taubman, as well as their colleague Kenan Nimeh.  See **Exhibit A** hereto, "the New Jersey action". Ths New Jersey action was commenced in December 2014, some eight months before this action was commenced in Nassau County.  Defendants Mayer and Nimeh were duly served, also in December 2014 (see **Exhibit B** hereto),  but Defendant Taubman could not be found. Mayer answered the New Jersey action, and attempted to answer for Nimeh and Taubman as well **(Exhibit C).**.

In July 2015, Defendant CBED herein moved before the New Jersey court to strike Mr. Mayer's answer for failure to provide dioscovery, and to default Mr. Nimeh for failure to answer. In early August, the Plaintiffs cross-moved to dismiss the New Jersey action, alleging a lack of *in personam* jurisdiction over them..  While those motions were pending, on August 21, 2015 – eight full months after the New Jersey action was commenced, and Plaintiffs herein were served – Plaintiffs herein commenced this action.  Messers Mayer, Taubman and Nimeh were all aware of the pendency oif the New Jersey action, as they all submitted affidavits supporting the cross motion to dismiss **(Exhibit D).**

Defendants now move, pursuant to **CPLR 3211(a)(4)**, for an order either dismissing the within action, or staying it pending the resolution of the New Jersey action; or, in the alternative, for dismissal under **CPLR 327** on grounds of *forum non conveniens.*

The Complaint in this action (**Exhibit E**), unlike the New Jersey complaint, makes no allegations as to where anything occurred.  There is no allegation that the agreements in question were negotiated in New York, whereas the New Jersey complaint specifically

alleges that meetings were conducted in New Jersey (¶ 16 ), and that funds were wired to the seller of this real estate interest, one Kennedy Funding, also present in New Jersey (¶ 17). CBED specifically alleged that the Plaintiffs herein traveled to New Jersey for these negotiations, and wired funds to Kennedy Funding in New Jersey (¶ 17).  The complaint filed in this court is noticeably silent about any details of the alleged transactions.

It is settled law that under **CPLR §3211(a)(4)**, an action should be dismissed where the same actionable wrong is the subject of a pending action in a sister state, the relief sought is comparable, and the parties are substantially identical.  **Feustel v Rosenblum, 24 AD 3d 549 (2d Dept, 2005), Maroney v Hawkins, 24 Misc. 3d 1227, aff'd 50 AD 3d 862 (2d Dept., 2008).**  As the *Maroney* court said, the purpose of the rule is to protect parties from litigating the same issues in two different forums, with the possibility of two different outcomes.

Here, what is at issue is the transactions between the Plaintiffs, in all their different configurations, on the one hand and Defendant Cohen and his companies, on the other other.  This is the actionable wrong from which all possible causes of action arise.  These issues have either benn raised in the New Jersey action, or could be as counterclaims.  **Comment C3211:15 to CPLR §3211** is pertinent: "Where the other suit [i.e., the first action] is before a Court that has, or can get, jurisdiction of everything the present suit [i.e., the second action] seeks out of everyone the present [i.e., second action] has before it", the second [New York] action should be dismissed.

A similar result arises from a *forum non conveniens* analysis: a key witness in this case will be Kennedy Funding (see Exhibit A, ¶s 17 and Exhibit E, ¶ 10).  Kennedy Funding is a New Jersey entity, and not subject to process in the New York action; Mr. Williams is present in New Jersey, the transaction took place in New Jersey.  In **Westwood Associates v Deluxe General, Inc 53 NY 2d 618, 438 NYS 2d 774 (1981)** the Court held that

> The Appellate Division did not abuse its discretion in...dismissing the action on grounds of *forum non conviens* [under CPLR § 327] where the subject transaction took place in California, the witnesses and pertinent

documents were there and another case involving the same parties was already pending there; the fact that all of the parties were may have been New York residents is not dispositive, since the residence of the parties is but one factor to be considered in determining whether an action should be dismissed pursuant to CPLR §327.

By the same analysis, this matter belongs in the New Jersey courts.

For all of the foregoing reasons, this action should be dismissed without prejudice.

Dated: September 17, 2015                    /s/ George J Cotz

.

# Exhibit F

Case 2:15-cv-05995-ADS   Document 1-1   Filed 10/19/15   Page 30 of 65 PageID #: 38

# Exhibit  A

George J Cotz, Esq   ID# 010711974
47 S Franklin Turnpike
Ramsey, NJ 07446
201-327-0900
Attorney for Plaintiff

SUPERIOR COURT BERGEN COUNTY
FILED

DEC 11 2014

*Laura A. Smaldoni*
DEPUTY CLERK

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION**

**BERGEN COUNTY**

**ZOHAR COHEN and COHEN
BRAFFITS ESTATES
DEVELOPMENT, LLC**
        **Plaintiff**

v

**KENAN  NIMEH,  ERIC
TAUBMAN and WILLIAM
MAYER,**
        **Defendants**

**DOCKET NO: BER-L- 20273-14**

**CIVIL ACTION**

        Plaintiffs, Zohar Cohen and  Cohen Braffits Estates Development, LLC ("CBED")
complaining of the  Defendants, say:

1.        Plaintiff CBED is an entity which was formed for the purpose of acquiring and
developing a particular parcel of vacant real estate in Utah, known as Braffits Mountain
Estates. .

2.        Plaintiff Zohar Cohen ("Cohen") is engaged in the real estate business, including the
purchase and sale of commercial and residential properties, the development and
redevelopment of properties, and acquiring and developing distressed properties. He formed
CBED for the purpose of pursuing one such transaction.  He is the Managing Member of
CBED.

3.        Plaintiff CBED has a principal place of business at 222 Franklin Turnpike, Mahwah,
New Jersey.

4.        In or about spring, Plaintiff acting through its principal Cohen entered into a series of

verbal agreements in principle with Kennedy Funding Financial, LLC ("Kennedy") to purchase several distressed loans which it held, including loans known as "Everyday Logistics' , a resort property in upstate New York and "Braffits Mountain Estates" , an upscale residential ski development in Utah. The price to be paid for the loan on the upstate resort was $500,000.00 and the price for the loan on the Utah project was $2,450,000.00.

5.     At or about the same time, Cohen first met Defendant Kenan Nimeh ("Nimeh"), and through him, Defendant Eric Taubman ("Taubman"). Defendant Nimeh represented to Cohen that he was an investment broker, that he had "significant" personal assets and that he also had many wealthy clients that he could interest in one or more of Plaintiff's deals. Defendant Nimeh represented Taubman to be another investment broker with "significant" assets, which representations Taubman confirmed.

6.     Over the spring and summer of 2012, Cohen agreed with Nimeh and Taubman that they would do the Everyday Logistics acquisition together, as 50/50 partners. Citing a variety of excuses and explanations, Nimeh and Taubman never fully funded their share of the Everyday logistics deal, and it eventually collapsed.

7.     Meanwhile, Cohen continued to purse the Braffits Mountain deal in Utah with Kennedy. He didn't then have the resources to comfortably do this deal on his own, and he was looking for partners.

8.     Over late 2012 into the spring of 2013, Cohen discussed and negotiated an oral agreement with Nimeh and Taubman that they would take a 50% interest in the Braffits Estates deal by putting up $1,225.000.00 towards the anticipated $2,450,000.00 purchase price. Over time, Nimeh and Taubman revealed to Plaintiff that they had an investor, Defendant Mayer, who was Taubman's grandmother's boyfriend, who would put up the money.

9.     At all times relevant, Nimeh and Taubman were Mayer's authorized and apparent agents.

10.     Mayer confirmed to Cohen that Nimeh and Taubman were acting for him.

11.     In   2013, CBED was formed as a Delaware LLC having its principal office in

Mahwah, New Jersey; and with Cohen as the Managing Member.

12.     In or about March 4, 2013 Plaintiff CBED entered into an agreement with Kennedy Funding to buy a certain delinquent Note in the face amount of $28,680,000.00, made by Braffits Creek Estates, LLC and  secured by a Mortgage on certain premises in the State of Utah, which premises were known as Braffits Creek Estates ("the Note Purchase Agreement").

13.     The Note Purchase Agreement provided for a purchase price of $2,450,000.00, payment of a deposit of $240,000.00 on March 4, 2013; and required CBED to close on the deal by April 4, 2013, time being of the essence.

14.     On March 4, 2013 Plaintiff tendered half of the deposit, $120,000.00, funded by Cohen, to Kennedy.

15.     Both before and after the execution of the Note Purchase Agreement on March 4, 2013, in a series of conversations and e-mails, Defendants Nimeh and Taubman both on their own behalf and as agents for Mayer committed to providing $120,000.00 on or before March 4, 2013 and an additional $1,105,000.00 on or before April 4, 2013, for their 50% interest in CBED of the Braffits Mountain deal.

16.     The meetings between the parties to negotiate their agreement often occurred at 222 Franklin Turnpike, Mahwah.

17.     The negotiations between CBED and Kennedy Funding, and the execution of documents, occurred in Fort Lee, New Jersey.

18.     Defendants sent funds by wire to Kennedy Funding in Fort Lee, New Jersey in partial satisfaction of their obligations.

19.     Defendants represented to Cohen, as the Managing Member of CBED, that Mayer had the financial resources to make this commitment; Defendants Taubman and Nimeh also represented that they had the resources to do so; and that they were aware that time was of the essence to Kennedy Funding in the CBED deal.

20.     At all times, Cohen was able and ready to fulfill its obligation to pay the rest of his share, $1,105,000.00.

21.     Plaintiff executed the Loan Purchase Agreement on March 4, 2013 in reliance on Defendants' representations about their ability and willingness to fund their half of the deal.

22.     Plaintiffs' reliance on Defendants' representations as aforesaid was reasonable.

23.     Plaintiffs relied on defendant's representations to their detriment.

24.     The Loan Purchase Agreement called for the deal to close, and the balance of the price, to be paid by April 4, 2013, failing which the deposit would be forfeit.

25.     Defendants failed to meet their obligation of funding the deposit on March 5, 2013.

26.     Eventually, Plaintiff Cohen had to fund the balance of the deposit to avoid losing the deal.

27.     Defendants thereafter insisted that they would be able to, and intended to, meet their obligations and in reliance on these renewed representations, Plaintiff CBED paid an extension fee of $25,000.00, funded by Plaintiff Cohen, to Kennedy Funding to extend the time of the essence closing date from April 4, 2013 to April 26, 2013.

28.     Defendants represented that they would reimburse Plaintiffs for the extension fee.

29.     But for the representations of the Defendants, Plaintiffs would not have entered into the Loan Purchase Agreement; and it would not have extended the loan closing date.

30.     But for the further and subsequent representations of the Defendants, Plaintiffs would not have paid the extension fee.

31.     Over the period beginning around April 4, 2013 and through the very early part of July 2013, Defendants continued to represent to Cohen, on behalf of CBED, that they were able to and would fund their half of the purchase price.  Defendants did, during this time period, pay certain funds to Kennedy that were applied as extension fees, legal fees and partly to the purchase price, amounting to about $120,000.00 in total.

33..    In or about the beginning of July 2013, Plaintiff realized that Defendants, and none of them, were able to fund the transaction.

34.     Plaintiff sought to mitigate its damages, such as a forfeited deposit, as well as a poor reputation from defaulting on the Loan Purchase Agreement, by finding another person or entity to partner with on the deal.

35.   Plaintiff's principal Cohen had other investment opportunities arising in this time period, and other ways to invest his money than CBED.

36.   Defendants, by failing to come up with their full share in a timely manner, forfeited any claim to any monies which they paid to Kennedy Funding or Plaintiff.

37.   Despite their default, and without consent or authority, Defendants took steps to sell the property owned by Plaintiff CBED without its knowledge, consent or authority. Defendants forged Plaintiff Cohen's signature on a document purporting to assign the Loan Purchase Agreement from Plaintiff CBED to a different entity formed by Defendant Taubman which he called Braffits Mountain Liquidating Unit ("BMLU"); they listed the property with a broker; and even entered into a contract of sale for the property in October 2013.   At that time, Kennedy Funding still owned the Loan, although BMLU was representing itself to have marketable title to the premises.

38.   Plaintiff closed with Kennedy on the Braffits Estate loan in December 2013. To do so, it had to borrow $1,060,000.00, and Cohen had to guaranty that loan personally, in order to cover the Defendants' half of the purchase price and avoid forfeiture of what Plaintiffs had already invested in the transaction, all in reliance on Defendants' false representations.


## FIRST CAUSE

39.   In representing to Plaintiff their financial ability and intentions, Defendants made knowing misrepresentations of fact to Plaintiffs, which the Plaintiffs reasonably relied upon totheirs detriment.

40.   As a result of its reasonable reliance on Defendants' misrepresentations, Plaintiffs were harmed.

WHEREFORE, Plaintiffs demand judgment on this Count against Defendants, jointly and severally, for damages and costs of suit.

**SECOND CAUSE**

41.     Defendants breached their agreement with Plaintiffs to fund 50% of the transaction with Kennedy Funding.

42.     As a result of Defendants' breach of said agreement, Plaintffs were harmed and suffered damages.

WHEREFORE, Plaintiffs demand judgment on this Count against Defendants, jointly and severally, for damages and costs of suit.

**THIRD CAUSE**

43.     As a result of their fraudulent effort to market the property under BMLU name, Plaintiffs were forced to incur legal fees and other expenses to protect its positions and the reputation of the project.

WHEREFORE, Plaintiffs demands judgment on this Count against Defendants, jointly and severally, for damages and costs of suit.

Dated: September     , 2014

_____
George J. Cotz

**JURY DEMAND**

Plaintiff demands judgment on all issues so triable.

Dated: September     , 2014

_____
George J. Cotz

**ATTORNEY'S CERTIFICATION**

George J. Cotz does hereby certify according to law as follows:

I am the attorney for the Plaintiff named in this action. I am aware of no other action for which this action should be joined, nor am I aware of any other parties that should be made a party to this action.

I certify that the foregoing statements made by me are true. I am aware that if

# Exhibit   B

**SUPERIOR COURT OF NEW JERSEY**
**COUNTY OF BERGEN**

**AFFIDAVIT OF SERVICE**

------------------------------------------------------x

**ZOHAR COHEN AND COHEN BRAFFITS ESTATES**
**DEVELOPMENT, LLC**

**DOCKET #:** *BER-L-02088-14*

*-Plaintiff*

v

**KENAN NIMEH, ERIC TAUBMAN and**
**WILLIAM MAYER**

*-Defendants*

------------------------------------------------------x

I, **JOSEPH LIBRANDI,** being duly sworn, depose and say; that I am over the age of 18 years, reside in the State of New York and I am not a party to this action, and that within the boundaries of the state where service was effected I was authorized by law to perform said service.

That on **12/22/14** at **3:00 PM EST** at **125 Bayliss Rd, Ste 280, Melville NY** deponent served

**KENAN NIMEH** personally the

**SUMMONS, CIVIL ACTION COMPLAINT AND SUPPORTING DOCUMENTS**

**PHYSICAL DESCRIPTION:**
Gender: MALE    Skin: WHITE    Hair: BLACK    Age: 40    Height: 5'7-6'0    Weight: 175-200 LBS

**MILITARY:**
Deponent asked the person served whether he/she was presently in the military service of the U.S Government or on active duty in the military service in the State of New York and received a negative reply.

SUBSCRIBED AND SWORN to before me this 3rd day of feb, 2015, by **JOSEPH LIBRANDI**, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
SIGNATURE OF PROCESS SERVER

_____
SIGNATURE OF NOTARY PUBLIC

DARRYL L. JONES
Notary Public, State of New York
Qualified in Suffolk County
Reg. No. 01JO6130226
My Commission Expires July 11, 20___

**SUPERIOR COURT OF NEW JERSEY**　　　　　　　　　　**AFFIDAVIT OF SERVICE**
**COUNTY OF BERGEN**
-------------------------------------------------------------x

**ZOHAR COHEN AND COHEN BRAFFITS ESTATES**　　　　　**DOCKET #:**
**DEVELOPMENT, LLC**

　　　　　　　　　　*-Plaintiff*

　　　　　v

**KENAN NIMEH, ERIC TAUBMAN and**
**WILLIAM MAYER**

　　　　　　　　　　*-Defendants*
-------------------------------------------------------------x

I, **JOSEPH LIBRANDI,** being duly sworn, depose and say; that I am over the age of 18 years, reside in the State of New York and I am not a party to this action, and that within the boundaries of the state where service was effected I was authorized by law to perform said service.

That on **12/22/14** at **12:05 PM EST** at **149-30 83rd Street, Howard Beach, NY** deponent served

**WILLIAM MAYER** personally the

**SUMMONS, CIVIL ACTION COMPLAINT AND SUPPORTING DOCUMENTS**

**PHYSICAL DESCRIPTION:**
Gender: MALE　　Skin: WHITE　　Hair: GREY　　Age: 60　　Height: 5'7-6'0　　Weight: 175-200 LBS

**MILITARY:**
Deponent asked the person served whether he/she was presently in the military service of the U.S Government or on active duty in the military service in the State of New York and received a negative reply.

SUBSCRIBED AND SWORN to before me this 3rd day of feb , 2015, by **JOSEPH LIBRANDI,** proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
SIGNATURE OF PROCESS SERVER

_____
SIGNATURE OF NOTARY PUBLIC

DARRYL L. JONES
Notary Public, State of New York
Qualified in Suffolk County
Reg. No. 01JO6130223
My Commission Expires July 11, 20__17

E

**Exhibit   C**

**FORM A**

**Zohar Cohen and Cohen Braffits Estates Dev, LLC**
Plaintiff's Name

**29 Dolson Road**
Street Address

**Monsey, NY 10952**
Town, State, Zip Code

**(646) 438-2424**
Telephone Number

vs.

**Kinan Nimeh, Eric Taubman, and William Mayer**
Defendant's Name

**149-30 83rd Street**
Street Address

**Howard Beach, NY 11414**
Town, State, Zip Code

**(646) 339-6180**
Telephone Number

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
   Bergen     County

Docket Number: __20273-14__

**CIVIL ACTION**

**Answer**

Check the appropriate statement or statements below which set forth why you claim you do not owe money to the plaintiff.

☐ (1) The good or services were not received.

☐ (2) The goods or services received were defective.

☐ (3) The bill has been paid.

☐ (4) I/We did not order the goods or services.

☐ (5) The dollar amount claimed by the plaintiff(s) is incorrect.

☒ (6) Other – Set forth any other reasons why you believe money is not owed to the plaintiff(s). (You may attach more sheets if you need to.)

**Defendant denies each and every allegation in complaint. Summons is frivolous and written only for harrassment. Venue is not valid. Both plaintiff's home address and company address are registered in NY.**

☐  Trial by jury requested; an extra $100 check or money order is enclosed.

At the trial Defendant requests:

An interpreter:           ☐ Yes ☒ No Indicate Language: _____
An accommodation for a disability: ☐ Yes ☒ No Requested accommodation: _____

I certify the matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated. ~~and that no other parties should be joined in this action.~~ **See attached**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

I further certify that this answer was served on all other parties within 35 days of the date the summons and complaint were mailed to me as indicated on page 2 of the summons.

                                     **See attached signatures**

_____       _____
Dated                               Defendant's Signature

                                    _____
                                    Defendant's Name – Type or Printed

Revised 11/17/2014, CN: 11637 (Appendix XI-F)

Superior Court of New Jersey—Law Division, Special Civil Part Bergen County, Docket Number: 20273-14, Form A, attachment page 2.

***Continuation of paragraph (6):

I would like to petition for a judgement against the plaintiff for a frivolous lawsuit. This lawsuit is simply a harassment move by the plaintiff to frustrate the defendants. I would like to defeat this lawsuit in New Jersey by venue alone. The body of this lawsuit will defeat itself when brought to a New York State court.

Facts: Planitiff's, Zohar Cohen's, home address is 29 Dolson Road, Monsey, NY 11414. Plantiff's company Cohen Braffits Estates Development, LLC is currently registered and incorporated in New York State. Zohar Cohen is currently doing business in NYC and lists his address as 721 Fifth Avenue, New York, NY 10022. I will produce signed documents by Zohar Cohen listing Cohen Braffits Estates Development, LLC using 721 Fiftth Avenue, New York as its address.

I do not have any signed documents from Zohar Cohen or his company in New Jersey. I do in fact have signed documents from Zohar Cohen pertaining to this case, all of which were signed in New York.

***Continuation of paragraph "I certify the matter in controversy...":

Defendants are contemplating lawsuits against Zohar Cohen and his business lawyer Thomas Williams, Esq., in New York. We are intending to join Thomas Williams, Esq., and others in this lawsuit.

***I beg that this court closed this matter in the State of New Jersey and award the defendants filing fees and other expenses related to this lawsuit.

Defendant's Signatures:

See attached signature Exhibit A

_____        _____
Kinan Nimeh                                                         Date

See attached signature Exhibit A

_____        _____
Eric Taubman                                                        Date

_William Mayer_____          _2/10/15___
William Mayer                                                       Date

Page 2 of 2

Superior Court of New Jerse   Docket Number: 20273-14                    Exhibit A

Superior Court of New Jersey Law Division, Special Civil Part Bergen County, Docket Number: 20273-14, Form A, attachment page 2.

***Continuation of paragraph (6):

I would like to petition for a judgement against the plaintiff for a frivolous lawsuit. This lawsuit is simply a harassment move by the plaintiff to frustrate the defendants. I would like to defeat this lawsuit in New Jersey by venue alone. The body of this lawsuit will defeat itself when brought to a New York court.

Facts: Plantiff's, Zohar Cohen's, home address is 29 Dolson Road, Monsey, NY 11414. Plantiff's company Cohen Braffits Estates Development, LLC is currently registered and incorporated in New York State. Zohar Cohen is currently doing business in NYC and lists his address as 721 Fifth Avenue, New York, NY 10022. I will produce signed documents by Zohar Cohen listing Cohen Braffits Estates Development, LLC using 721 Fifth Avenue, New York as its address.

Never have I signed any documents with Zohar Cohen or his company in New Jersey, however I have signed documents from Zohar Cohen and all were signed in New York.

***Continuation of paragraph "I certify the matter in controversy...":

Defendants are contemplating lawsuits against Zohar Cohen and his business lawyer Thomas Williams, Esq., in New York. We are intending to join Thomas Williams, Esq., and others in this lawsuit.

*** I beg that this court closed this matter in the State of New Jersey and award the defendants filing fees and other expenses related to this lawsuit.

Defendant's Signatures:

_____          7/10/15
Kinan Nimeh                         Date

_____          February 10,2015
Eric Taubman                        Date

_____          _____
William Mayer                       Date

Page 2 of 2

# Exhibit   D

William Mayer Pro Se
Kinan Nimeh Pro Se
c/o  William Mayer                                    Superior Court of New Jersey
149-30 83rd Street                                    County Of Bergen –Law Division
Queens , New York 11414
_____X
Cohen Braffits Estates
Development, LLC.                                     Docket Number   BER:-L_20288-14
                          Plaintiff                        Civil Action

Against                                               MOTICE OF CROSS MOTION by the Pro
                                                      Se defendants to Dismiss

Kenan Nimeh, Eric Taubman, and
William Meyer
_____X


PLEASE TAKE NOTICE , that upon motion filed by the plaintiff presently returnable for August 7th 29015

and upon the annexed affidavits of the Pro Se Defendants, William Mayer and Kenan Nimeh, and upon

the affidavit of Eric Taubman and upon all previous documents and proceedings herein the Pro Se

defendants, Mayer and Nimeh , shall move this Court the Superior Court of the State of New Jersey ,

County of Bergan at the time and place of the motion by the Plaintiff, for an Order dismissing this matter

for lack of Subject matter jurisdiction and Lack of Personal Jurisdiction as well as costs


Dated: August _/_ 2015

                                                      _____
                                                           William Mayer- Pro Se


Dated August _ 2015

                                                      _____
                                                           Kinan Nimeh

Superior Court of New Jersey
County Of Bergen –Law Division
_____X

Cohen Braffits Estates
Development, LLC.                                    Docket Number   BER:-L_20288-14
                        Plaintiff

Against                                             Affidavit in Opposition to motion and
                                                    In support of Cross Motion To Dismiss
                                                    For lack Of Subject Matter Jurisdiction

Kenan Nimeh, Eric Taubman, and
William Meyer
_____X

State of New York
County of Queens

William Mayer being duly sworn deposes and says ;

1. I am a named defendant in this action and make this affidavit in opposition to the Plaintiff's motion

and in support the cross motion of myself and Mr. Nimeh to dismiss this action for lack of Jurisdiction.

2. I was never served with process. I only became aware of this action when I was told about it by Mr.

Nimeh. When I went to the clerk's office to answer and object I was advised by the clerk that there was

no proof of service. To this day I have not been served with process

3. I am an individual residing in the State of New York and have no connection to New Jersey

whatsoever. I do not live in New Jersey, I do not have a business in New Jersey. I do not solicit business

in New Jersey as I own a small business in New York which sells retail products to customers in the store.

4. I have not established any contact with New Jersey in any way other than traveling through it a

sporadic intervals.

5. The Co- defendant, Mr. Nimeh is a resident of the State of New York and I far as I know has no

connection to New Jersey.

6. Eric Taubman to my knowledge has no connection whatsoever with New Jersey and lives in long

Island New York. To date he was never served .

7. The Plaintiff is a New York Corporation and to my knowledge never did business in New Jersey of any

kind and  surely did nothing with the defendant's in New Jersey.

8. Finally, the dispute is governed by a contract which was executed in New York, which states that the contract would be governed and enforced according to the laws of the state of New York .

9. The Plaintiff is not incorporated in New Jersey and should not be entitled to proceed herein.  Any breach of contract (which did not happen by us) did not happen in New Jersey.

10. The only reason this was filed in New Jersey was that the Attorney is from New Jersey.  And the Plaintiff seeks to place a frivolous burden on us which violates traditional notions of fair play as stated by the Supreme Court in International Shoe v. Washington 326 U.S. 310( 1945).

11. International Shoe states that in order for a state to have jurisdiction over a party certain " minimum contacts" must be established.  There are NO contacts here.  We are three individuals, and do not own or solicit business in New Jersey.

12. Likewise the Plaintiff itself is a New York Corporation and has no office or other presence that I am aware of.   It's owner, Zohar Cohen, lives in upstate New York and the Office is located at 711 Fifth Avenue New York, New York 10022. The company's sole purpose was for Real Estate Investment in a property In Utah.  As such it has no standing to sue us in New Jersey since we do live, work or "exist" there in any Way.   As stated in Charles Gendler and Co. v Telecomm 508 A 2nd 1127 (NJ 1986)  "Due Process permits this State to provide a judicial forum **for its citizens** who are injured. "The Plaintiff, by not being incorporated in New Jersey and having no business dealings in New Jersey is not a " citizen " and as such also has no connection to this matter.

13. The complaint apparently alleges that there was a breach of contract but nothing happened regarding it in New Jersey.  If the Court reviews Bayway Refining Co. v State Utilities, Inc. it will see that

"the existence of a contractual relationship alone is not enough to sustain jurisdiction unless the foreign corporation entering into that relationship can be reasonably contemplated have significant activities or effect in the forum state."

14. Here we have no breach and no contract except one which specifically states that it is enforceable

under New York law.

15. As such there are no minimum contacts to establish that this Court can and should entertain this

Action. In <u>Lebel v. Everglades Marina ,Inc</u>. 115 N.J. 317(1989), the court held that a contract dispute had

to show minimum contacts. It has not happened here. This case belongs in New York.

16. As such we respectfully request that this matter be dismissed.

Sworn to before me
This 30 day of July 2105

William Mayer

Superior Court of New Jersey
County Of Bergen –Law Division
—————————————————————X

Cohen Braffits Estates
Development, LLC.                                    Docket Number   BER:-L_20273-14
                              Plaintiff

Against                                              Affidavit in Opposition to motion and
                                                    In support of Cross Motion To Dismiss
                                                    For lack Of Subject Matter Jurisdiction

Kenan Nimeh, Eric Taubman, and
William Meyer
—————————————————————X

State of New York
County of

Kinan Nimeh being duly sworn deposes and says ;

1. I am a defendant in this action and make this affidavit in opposition to the Plaintiff's motion and in

support the cross motion of Mr. Mayer and Myself to dismiss this case  for lack of Subject Matter

Jurisdiction.

2. I was never served properly with the summons or complaint in this matter although I am advise it was

sent to my former place of employment. When I found about I went to an objection to the jurisdiction

it was rejected for some reason. However I have no connection to New Jersey.

4.  I am an individual residing in the State of New York and have no connection to New Jersey

whatsoever. The Co- defendants do not live, work or do business in New Jersey.

5. The No transactions or meetings were ever held in New Jersey. I have only been in New Jersey a

Several times, and any time I have been in New Jersey it nothing to do with this case or the plaintiff.

6. The Plaintiff was incorporated in New York and had a place  of Business in the State of New

York and NO place of business, in New Jersey.

7. I am not a part of any agreement with Braffits at all. I did have some dealings with Mr. Cohen , but

none with Braffits. Even then we did all our work and communication in New York.

8. The Plaintiff apparently was formed in New York solely for the purpose of purchasing and executing ,a



promissory note , concerning a  property in Utah, and as far as I know that was the Only  Business

done at all by this company.   There is not one office, employee or agent in In New Jersey.

9. I do not have the wherewithal to litigate this case in New Jersey . It is unfair and an against the

Constitution of the United States. I ask that this matter be dismissed.

10.  The only reason this case was brought in New Jersey was because Zohar Cohen knows a lawyer in

New Jersey and to harass the defendants with a frivolous lawsuit.

11. I therefore reiterate my request that this action be dismissed.

Sworn to before me this

_____
Kinan Nimeh

2 day  of July 2015

ROBERT SHIPKO
Notary Public, State of New York
No. 01SH6120840
Qualified in Nassau County
Term Expires____12/27/2016

Superior Court of New Jersey
County Of Bergen –Law Division

_____X

Cohen Braffits Estates
Development, LLC.                                    Docket Number   BER:-L_20273-14
                        Plaintiff

Against                                             Affidavit in Opposition to motion and
                                                    In support of Cross Motion To Dismiss
                                                    For lack Of Subject Matter Jurisdiction

Kenan Nimeh, Eric Taubman,and
William Meyer
_____X

State of New York
County of

Eric Taubman being  duly sworn deposes and says ;

1. I am a named defendant in this action BUT WAS NEVER SERVED  and make this affidavit in opposition

to the Plaintiff's motion  AS A  WITNESS  support the cross motion of Mr. Mayer and Mr. Nimeh to

dismiss this case  for lack of Subject Matter Jurisdiction.

2.  I am an individual residing in the State of New York and have no connection to New Jersey

whatsoever. The Co- defendants do not live, work or do business in New Jersey.  They do not solicit

business form New Jersey.

3. The No transactions or meetings were ever held in New Jersey.

4.The  Plaintiff resides was incorporated in New York and  had a place  of Business in the State of New

York and NO place of business, in New Jersey.

5. All agreements stipulated that they   would be construed   in accordance with the laws of the State of

New York.

6. The company was formed in New York solely for the purpose of purchasing and executing ,a

promissory  note , concerning a  property in Utah, and as far as I know that was the Only  Business

done at all by this company.   There is not one office, employee or agent in in New Jersey.

7. The only reason this case was brought in New Jersey was because Zohar Cohen knows a lawyer in

Certification of Service

Michael Previto hereby certifies that the original of this cross motion and the supporting documents were filed with the clerk of the Superior Court, Law Division, at the Bergen County Courthouse ,10 main Street, Hackensack, New Jersey 076021: with copies to Plaintiff's Attorney, George J. Cotz at his address located at 47 S. Franklin Turnpike, Ramsey, New Jeresy 07446 on July 31, 2015

Dated: 7/31 2015

Michael L. Previto

# Exhibit   E

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

-----------------------------------------------------------------X

Eric Taubman, William Mayer, and                      Index no.
First National Land Development Company of
New York, LLC,

                                        Plaintiffs,          **VERIFIED COMPLAINT**

-against-

Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar Abikzer
Cohen, Cohen Braffits Estate Development, LLC.,
Thomas Williams, Esq., and Braffits Mountain
Liquidation Unit, LLC,

                                        Defendants.

-----------------------------------------------------------------X

Plaintiffs by its attorney Michael L. Previto, as and for its Verified Complaint, respectfully

alleges as follows:

1.  Plaintiff Eric Taubman is an individual residing at 35 Wheatley Road, Old Westbury, in the
    County of Nassau, State of New York.

2.  Plaintiff William Mayer is an individual residing at 149-30 83r$^d$ Street, Howard Beach, in
    the County of Queens, State of New York.

3.  Plaintiff First National Land Development Company of New York, LLC., hereinafter
    sometimes referred to as FNLDC, is a New York Company having an office located at 31
    Wheatley Road, Old Westbury, N.Y. and is owned by Plaintiffs Mayer and Taubman.

4.  Upon information and belief defendant Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar
    Abikzer Cohen (hereafter referred to as Cohen) is an individual who resides in the State of
    New York having an address located at 29 Dolson Road, Monsey, New York 10952 and
    also does business at 721 Fifth Avenue, New York, NY 10022.

5.  Upon information and belief the defendant Thomas Williams, Esq., is an Attorney at Law
    having offices located at 220 Franklin Turnpike, Mahwah, New Jersey 07430, and office
    located at 16 Chestnut Street, Suffern, NY 10901.

6.  Defendant Cohen Braffits Estate Development, LLC., hereafter sometimes referred to as
    CBED, is a New York Limited Liability Company that maintains an office located at 721
    Fifth Avenue, New York, NY and is owned by defendant Cohen.

7. Defendant Braffits Mountain Liquidation Unit, LLC., hereafter sometimes referred to as BMLU, is a New York Company equally owned by the plaintiff's Company FNLDC and the defendant's Company CBED.

8. Plaintiffs Mayer and Taubman and defendant Cohen are contracted joint owners of the Braffits Liquidation Unit, LLC (BMLU) formed for the purpose of purchasing, owning and holding that piece of distressed property currently held by the United States Bankruptcy court in the State of Utah, now hereafter referred to as the Braffits Mountain Property.

9. Upon information and belief, prior to the plaintiff's involvement with defendant Cohen and the Braffits Mountain Property, it was alleged in a New York Supreme court action, RMB Properties vs .Zohar Cohen., the formation of Braffits Estates Development, LLC and its purchase of the interest, rights, and ownership of the Braffits Mountain Property. The defendant Cohen solicited and induced one RMB Properties to fund the defendant the sum total amount of $120,000. This inducement was fraudulent.

10. On or about March 4, 2013, a company called Kennedy Funding, Inc., a New Jersey corporation, entered into a Note and Mortgage Purchase and Sale Agreement with defendant Cohen Braffits Estates Development, LLC, (CBED), an entity formed by defendant Cohen on information and belief using the funds wrongfully taken from RBM. Neither Plaintiff nor Plaintiff's principal was a member of Cohen Braffits Estates Development, LLC.

11. Cohen did not use RMB's $120,000 in accordance with the original deal that had been discussed with defendant Cohen by RBM, and RBM sought Judgment for the return of the $120,000, with interest, asserting causes of action for quasi contract (unjust enrichment), conversion, breach of fiduciary duty, violation of Judiciary Law § 487 and injunctive relief.

12. Thereafter defendant Cohen approached plaintiff's Mayer and Taubman to purchase a certain note and interest in the Braffits Mountain Property. The parties discussed the purchase, and formed an entity named the Braffits Mountain Liquidation Unit LLC, (BMLU), to purchase the note from defendant Cohen's company CBED. Defendant Cohen did not disclose the prior transaction or impending lawsuit with Plaintiffs Mayer and Taubman.

13. The Plaintiffs Mayer and Taubman then entered into a signed agreement with defendant Cohen for the purchase and ownership of fifty percent equal share of the Braffits Mountain Property.

14. Defendant Cohen assigned all of his rights, title, and interest in the Braffits Mountain Property to the Braffits Mountain Liquidation Unit, LLC, (BMLU), in an "Assignment of Real Estate Contract and Sale Agreement." As a result, plaintiff's company FNLDC and the defendant's company CBED are fifty percent owners of BMLU including fifty percent ownership of all holding.

15. Defendant Cohen thereafter breached the contract.

## AS AND FOR THE FIRST CAUSE OF ACTION

16. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

17. Plaintiffs, in good faith and with contemplation of commencement of a deal duly funded the defendants as follows: Payments of approximately $750,000.00 were to be made to along with a conveyance of properties located and commonly known as 1030 Woodycrest , Bronx, New York , 828 Cortland Bronx, New York and 1535 Taylor, Bronx New York,  to the Hudson Valley Resort Spa in Kerhonkson, New York, and the Braffits Mountain Property in Iron County, UT as conveyed to the defendants.  Said Properties was valued at 15,820,000.00.

18. As a result of the defendant's conduct, defendants have been unjustly enriched, and Plaintiff is entitled to recover, under the doctrines of unjust enrichment and quasi contract, the amount of $15,820,000.00 together with prejudgment interest, attorney's fees, expenses, costs and disbursements.

19. Plaintiff's have been damaged in the amount of 15,820,000.00 of which nothing has been paid.

## AS AND FOR THE SECOND CAUSE OF ACTION

20. Plaintiffs repeat, reiterate, and re allege the foregoing allegations as if fully stated herein.

21. That the defendants never lived up to their agreements and as such breached the contract between the Parties. As a result the Plaintiffs demand specific performance of the contracts awarding one half ownership of the defendant's company Cohen Braffits Estate Development, LLC., and also be declared one half owner of the Braffits Mountain Property located in Utah which is presently held in abeyance by a chapter Eleven Bankruptcy.

## AS AND FOR THE THIRD CAUSE OF ACTION

22. Plaintiffs repeat, reiterate, and reallege the foregoing as if fully stated herein.

23. That Plaintiffs seek a Declaratory Judgment confirming their contractual rights to the promissory note as per the signed contracts granting them jointly and severally one half ownership of the purchased note and all rights, interest and benefits derived from said ownership.

24. That the declaratory relief requested will 1. Confirm the Plaintiff's and Defendant's fifty percent ownership of BMLU through their respective company's, FNLDC and BBDE, and 2. Confirm the Plaintiffs claims and rights under the signed contracts with the defendant of certain property located in Utah known as the Braffits Mountain Property.

25. That Plaintiffs be granted full rights and participation in the Chapter 11 Bankruptcy proceeding presently pending in Utah with the assistance of a receiver if necessary.

26. That in additional to this relief that Plaintiffs be awarded all reasonable legal fees and costs incurred in the prosecution of this action

## AS AND FOR THE FOURTH CAUSE OF ACTION

27. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

28. The parties entered into a series of contracts whereby the defendants, jointly and severally were to pay off a tax lien on the distressed property and in general administer the rights of all parties with respect to expenses, costs and disbursements in the appearance and representation of all parties in the United States Bankruptcy Court in The State of Utah. This was part of the Contract whereby FNLDC was to receive half ownership of the Bronx properties and half ownership of the Hudson Valley Resort Spa where the defendants received all sums called for in the contracts.

29. Instead the defendant Cohen diverted the funds due the Braffits, paid only a small percentage of the back tax and thereafter refused to take any action with respect to the proper representation of the parties in said proceeding.

30. That furthermore the defendant Cohen either alone or in concert with others conspired to convert the Properties in New York commonly known as 1030 Woodycrest Bronx, New York, 1535 Taylor, Bronx, New York and 828 Cortland, Bronx New York to his own use, and as such liquidated said properties.

31. Said liquidation was without authority in the Contract and violated the terms and conditions of said contract and the laws of the state of New York, and the United States of America.

32. As such the defendant Cohen and his corporations are guilty of unlawful conversion and have damaged the Plaintiffs in the amount of at least 3 million dollars plus 6 million in punitive damages.

## AS AND FOR THE FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

34. The defendants jointly and severally are guilty of Breach of Contract.

35. Plaintiff has been damaged in the amount of at least 15,000,000.00 representing one half of the expected profits of the Utah land.

## AS AND FOR THE SIXTH CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation herein above as if fully set forth herein.

37. Thomas Williams is an Attorney duly admitted to practice law before the courts of New Jersey and New York and upon information and belief has a place of business located at 220 Franklin Turnpike, Mahwah, New Jersey, and at 16 Chestnut Street, Suffern, NY 10901.

38. In the Spring and summer of 2013 the defendant Williams acted as Attorney for defendant Cohen as well as for the Plaintiffs and their corporations.

39. That at the time Plaintiff Mayer along with one Inez Baron attended a meeting in April of 2013 with defendants Cohen and Williams. Mayer relied on the defendant William's advice and integrity as an Attorney in deciding whether to go forward with the transaction. That Defendants Zohar and Williams acting in concert advised the Plaintiff Mayer and subsequently Plaintiff Taubman that they were in control of Hudson Valley Resort and Spa

(HVRS) and that the Plaintiff's through FNLDC were 50% operating owners. In addition they supplied the Plaintiff with "spread sheets" showing the cash flow of HVRS and represented to them that upon receipt of $225,000.00 they would be half owners of the Braffits Mountain Property. As such they fraudulently induced Plaintiff's to pay the $225,000.00.

40. That at the behest of Cohen, Williams at a meeting in April 2013 showed the Plaintiff Mayer and one Inez Baron various documents that purported to show the relative safety of their investment, including a chart that represented that income from HVRS property would be more than enough to sustain the money required to continue the investment in the Braffit's project. Defendant Cohen, in front of Williams showed Plaintiff Mayer and Inez Baron copies of checks in the name of the Cohen Trust Fund for the amounts of 3 million and 6 million dollars.

41. Defendant Cohen, in front of Williams, represented he would have the resources to complete the deal after the $225,000. 00 was paid using his family's "Cohen Trust Fund", if any problems arose. That further, " Profit and Loss" statements purporting to show the bright prospects of the HVHS were sent to Plaintiffs Mayer and Taubman, and one Kinan Nimeh, to further induce Plaintiff Mayer to mortgage his home and invest the sums requested. These documents were fraudulent, as well as Cohen's purported wealth, and Williams Knew it.

42. Further, the actions of defendant Williams in advising Plaintiff's induced the plaintiff Mayer to pay this money. Thereafter Williams sent an e-mail confirming these misrepresentations.

43. After the transaction, Plaintiff Mayer hired his own attorney, Andrew L. Jaloza, Esq., who attempted to obtain the status of the entities that were represented by Cohen and Williams to be profitable and thereby securing the funds Mayer sent, but was unsuccessful.

44. It was later found out that plaintiffs Mayer and Taubman had been deceived and that the properties were not generating sufficient income. That as a result the defendants fraudulently induced Mayer to send additional monies which were in fact never used for the purpose intended. It is now believed the " Cohen Family Trust Fund " never existed.

45. That as a result of the foregoing defendant Williams, Esq., acting in concert and in conspiracy with Cohen, fraudulently induced the " investment" of Plaintiffs money.

46. As a result of the foregoing the defendant Williams, Esq., is guilty of misrepresentation and fraud and has damaged the Plaintiffs in the amount of 350,000.00 plus interests costs and Attorney fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

47. Plaintiffs repeat, reiterate and re alleges the foregoing allegation as if fully stated herein.

48. Defendant Williams owed a duty to Plaintiffs of candor and truthfulness as well as a duty to properly investigate the facts he was asked to propound to the proposed investors. In failing to properly investigate and accurately report the true financial picture of the situation in order to allow the Plaintiffs to make a properly informed decision, the defendant Williams, Esq., is guilty of negligence and legal malpractice and has damaged the Plaintiffs in the amount of $350,000.00 plus interest due and owing since April 13 2013.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

49. Plaintiff repeats, reiterates and re alleges the foregoing as if fully stated herein.

50. That Cohen acting in concert with Williams, fraudulently induced the Plaintiff Mayer to apply for and procure a mortgage on his own premises, in an amount in excess of $224,000 which was represented by Cohen and Williams to be used as further investment in the above described transactions.

51. That in addition to the conduct alleged hereinabove Plaintiff Mayer was threatened with losing his investment to date unless he complied.

52. As a result of the foregoing, Plaintiff was damaged in the amount of $224,000 plus all interest and penalties as a result therein.

## AS AND FOR A NINTH CAUSE OF ACTION

53. Plaintiff repeats and realleges the foregoing allegations as if fully stated herein.

54. The defendant Zohar Cohen has over the past several years embarked on a scheme to defraud and embezzle a variety of persons and corporations, the plaintiffs have subsequently come to

know of three other investors who were swindled out of their investments in addition to the parties in this action.

55. That Defendant Cohen's actions, sustained and continuing, have now become a scheme designed as a continuing pattern of racketeering to deprive innocent people of their property and livelihood. In addition to Plaintiff's and RMG it is known he further induced one Harvey Weinstein to invest over 120,000.00 which was never returned or accounted for.

56. That the acts and occurrences that comprise this scheme have all been related to Real Property in this state and other states, in a pattern of fraudulent representations to people, companies and financial institutions.

57. That the damages alleged hereunder are but a part of the entire activity and as a result we request a forfeiture of all property rights that were obtained based upon this fraudulent enterprise.

58. As such it is requested that the Plaintiffs be awarded punitive damages in the amount of 15,000,000.00 plus interest.

## AS AND FOR AN TENTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates, and re alleges the foregoing as if fully stated herein.

60. Both defendants Cohen and Williams, Esq., have agreed and confirmed in writing and through plaintiffs Mayer's attorney , Andrew L. Jaloza, Esq., that upon the settlement of the Kennedy Funding, Inc. lien on the Braffits Mountain Property, that Cohen will "immediately" forward Plaintiff Mayer $300,000.

61. Upon information and belief the Kennedy Funding, Inc. lien was settled some time in January of 2014. Defendant Cohen did not inform the Plaintiffs of the lien settlement nor did they forward the money to the Plaintiffs or to the Plaintiff's company FNLDC.

62. Defendants Cohen and Williams, Esq., continue not to communicate with the Plaintiffs stating that we are "minority members," and not entitled to information. Plaintiff's attorney Andrew L. Jaloza, Esq., has not been successful obtaining any information on the Plaintiffs investments from both defendants. That as a result the Plaintiff's herein have been "shut out" of the transactions for which they contracted and paid money for.

63. Plaintiffs demand immediate payment of $300,000 now due and owing as per confirmed agreements.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

64. Plaintiff's repeat reiterate and reallege the foregoing allegations as if fully stated herein.

65. That at all times the defendant's Cohen Braffits Estates Development, LLC and Zohar Cohen were under a duty to protect and properly administer Plaintiff's rights in a Bankruptcy case Entitled Braffits Creek Estates , L.L.C. in a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

66. That after obtaining the monies alleged above the defendants Cohen Braffits Estates and Zohar Cohen failed to Protect Plaintiff's rights in that proceeding which had to do with the administration under a chapter 11 plan which included the paying of Court and United States, Trustee fee, the payments it agreed to pay to Debtor's Counsel , the failure to submit operating reports as required by the Court and it's local rules, and failed to abide by the confirmation order and other orders of that Court.

67. Further, the Defendants have not established and funded a liquidation trust as required by Order of the bankruptcy Court.

68. These defaults are considered " material " to the confirmation proceeding and the defendants have failed to take the proper action to protect its investors, the plaintiffs in its stake in the properties presently held by the bankruptcy court.

69. As a result of the foregoing the defendants through their consistent failure to properly administer the Plan they themselves put forth and had confirmed have forced the United States Trustee to move that court to convert the chapter 11 filing to a Chapter 7, which has jeopardized the Plaintiff's ability to protect their interests in the Bankruptcy Court.

70. As a result of the Foregoing the Plaintiff seek a temporary and then a permanent injunction against the defendants Cohen Braffits Estates Development, LLC and Zohar Cohen from impeding or interfering with Plaintiff's actions in entering the United States Bankruptcy Court and asserting their rights and curing the defaults brought about by Zohar Cohen and Cohen Braffits Estates Development, LLC and furthermore in participating in and helping bring about the proper administration of the bankruptcy Estate.

71. That the plaintiffs be appointed as Receiver of the Entity known as Cohen Braffits Development Estate, LLC. with full rights to administer actions of the Company, or in the alternative to this court appoint a receiver to carry out these duties and to protect the Plaintiffs and their rights.

**WHEREFORE,** for the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

(i)    A declaratory Judgment awarding Plaintiff's full rights in the Braffit Properrty.

(ii)    The recovery of 15,820,000.00 from the defendants Cohen and Cohen Braffits Estate Development, LLC., and such other related companies as may exist,

(iii)    The recovery of $ 350,000.00 from the defendant Williams, along with compensatory damages with respect to the malpractice cause of action.

(iv)    Awarding Plaintiff costs, disbursements and attorneys' fees associated with this action,

(v)    That Plaintiffs be appointed Receiver for the Cohen Braffits Estates Development, LLC., and that the defendants be enjoined from any interference of Plaintiff's actions and duties in carrying out the proper administration of the defendant Cohen Braffits Estate Development, LLC.,

(vi)    Immediate payment of Kennedy Funding lien agreement of $300,000.00, and

(vii)    Such other and further relief as the Court deems just and proper.

Dated: 8 | 15 | 15

By: _____

Michael L. Previto
Attorney of Law
6 Lyndon Lane
Centereach, New York 11720
631-379-0837

To: Zohar Cohen
a/k/a Zohar Abikzer
a/k/a Zohar Abikzer Cohen
29 Dolson Road
Monsey, New York 10952

# Exhibit G

STATE OF NEW YORK      NASSAU     COUNTY    SUPREME        COURT

DOCUMENTS SERVED WITH INDEX # 605266/2015

ATTORNEY(S) Michael L. Previto, Esq. ,

| | |
|---|---|
| *Eric Taubman et al* | *Plaintiff(s)/Petitioner(s)* |
| *vs* | |
| *Zohar Cohen et al* | *Defendant(s)/Respondent(s)* |

County of ___Rockland___ , State of ___New York___ .

___Claire Ryan___ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years

of age and resides at ___Orange County, NY___ . On ___August 31, 2015___ at ___12:10 pm___

at ___220 Franklin Turnpike , Mahwah, NJ 07430___

deponent served a     Notice of Commencement of Action Subject to Mandatory Electronic Filing
Summons with Notice, Verified Complaint

UPON: ___**Thomas W. Williams**___ , __Defendant__

(herein called recipient) therein named.

**INDIVIDUAL** [x]   by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION** [ ]   A _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON** [ ]   by delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**AFFIXING TO DOOR** [ ]   by affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat

Day _____ Date _____ Time _____    Day _____ Date _____ Time _____
Day _____ Date _____ Time _____    Day _____ Date _____ Time _____

**MAILING COPY** [ ]   Deponent caused a copy of same to be enclosed in a first class postpaid sealed wrapper properly addressed to recipient at recipient's last known [ ] residence [ ] place of employment at: and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of New York on _____ . Bearing the legend "Personal and Confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns a legal action. [ ] and within 24 hours of service by First Class and Certified mail receipt #

**DESCRIPTION** [x]   A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex ___Male___ Color of skin ___White___ Color of hair ___Brown___ Approx. Age ___55___
Approx. Height ___5'9" sit___ Approx. weight ___175___ Other ___eyeglasses___

**WITNESS FEES** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient. [ ]

**PHOTO** [ ]   Deponent was able to identify recipient from a photograph.

**MILITARY SERVICE** [x]   Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed that recipient was not.

Sworn to before me on this ___1st___ day of ___September, 2015___        *Claire Ryan*
                                                    Claire Ryan

MARK SANDSTROM
NOTARY PUBLIC, State of New York
No. 01SA4893767, Qualified in Rockland Co.
Term Expires May 26, 2019

Invoice▪Work Order # 9952931

*A‍TTORNEY* *S‍ERVICE* *B‍UREAU*, P.O. B‍OX 382, P‍OMONA, N‍EW Y‍ORK 10970, 845-638-1323