# Exhibit H

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840  (7/2012)

| | | For Court Clerk Use Only: |
|---|---|---|
| **Supreme** | **COURT, COUNTY OF** Nassau | IAS Entry Date |
| **Index No:** ~~605266/2015~~ **Date Index Issued:** 08/15/2015 | | Judge Assigned |
| | | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Eric Taubman , William Mayer, and First national Land development of New York LLC

**Plaintiff(s)/Petitioner(s)**

-against-

Zohar Cohen, a/k/a Zohar Abikzer ,a/k/a Zohar Abikzer Cohen ,Cohen Braffits Estate development LLC,  Thomas Williams , and Braffits Mountain Liquidation Unit LLC

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING:     Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
  - **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**.
  - For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  *(specify)*
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____
  *(specify)*
- ○ Other Negligence: _____
  *(specify)*
- ○ Other Professional Malpractice: Attorney Malpractice
  *(specify)*
- ○ Other Tort: _____
  *(specify)*

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____
  *(specify)*

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ◉ Other Commercial: Fraud, Injunction,. breach of fidiciary duty , attorney malp[ractice
  *(specify)*
  - **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:**   How many properties does the application include? _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):     ○ Residential     ○ Commercial
  Property Address: _____
  Street Address          City          State          Zip
  - **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property: _____
  *(specify)*

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
  *(specify)*
- ○ Other Special Proceeding: _____
  *(specify)*

## STATUS OF ACTION OR PROCEEDING:     Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ◉ | ○ | If yes, date filed: 08/15/2015 |
| Has a summons and complaint or summons w/notice been served? | ◉ | ○ | If yes, date served: 09/15/2015 |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**          Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice      Date Issue Joined: _____
- ○ Notice of Motion                    Relief Sought: _____      Return Date: _____
- ○ Notice of Petition                  Relief Sought: _____      Return Date: _____
- ○ Order to Show Cause            Relief Sought: _____      Return Date: _____
- ○ Other Ex Parte Application     Relief Sought: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

**RELATED CASES:**   List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the **RJI Addendum**.  If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case.  For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Taubman *Last Name*<br>Eric *First Name*<br>*Primary Role:*<br>Respondent<br>*Secondary Role (if any):* | Previto *Last Name*   Michael *First Name*<br>Michael Previto   *Firm Name*<br>5 Lyndon lane   S. Setauket   New York   11720<br>*Street Address*   *City*   *State*   *Zip*<br>+1 (631) 379-0837   +1 (631) 698-0686   mchprev@aol.com<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>○ NO | none |
| ☐ | Mayer *Last Name*<br>William *First Name*<br>*Primary Role:*<br>*Secondary Role (if any):* | Previto *Last Name*   Michael *First Name*<br>Michael Previto   *Firm Name*<br>5 Lyndon lane   S swetauket   New York<br>*Street Address*   *City*   *State*   *Zip*<br>same<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>○ NO | none |
| ☐ | Firast National Development of N.Y. LLC *Last Name*<br>*First Name*<br>*Primary Role:*<br>*Secondary Role (if any):* | Previto *Last Name*   Michael *First Name*<br>Michael  Preivto   *Firm Name*<br>5Lybdon lane   S. setauket N.Y.   New York   11720<br>*Street Address*   *City*   *State*   *Zip*<br>+1 (631) 379-0837   +1 (631) 698-0686   mchprev@aol.com<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>○ NO | |
| ☐ | Cohen *Last Name*<br>Zohae *First Name*<br>*Primary Role:*<br>*Secondary Role (if any):* | Cotz *Last Name*   George *First Name*<br>same   *Firm Name*<br>47 s. .Franklin Turnpike,   Ramsey   New Jersey   07446<br>*Street Address*   *City*   *State*   *Zip*<br>+1 (201) 327-0900   +1 (201) 327-0019   cotzlaw2@aol.com<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: _10 / 8 / 15_

_1946011_
**ATTORNEY REGISTRATION NUMBER**

_Michael L. Previto_ **SIGNATURE**

**PRINT OR TYPE NAME**

[Print Form]

Print Form

# Request for Judicial Intervention Addendum

UCS-840A (7/2012)

**Supreme** _____ COURT, COUNTY OF _____ **Nassau** _____ Index No: __ **605266/2015** __

For use when additional space is needed to provide party or related case information.

| | **PARTIES:** | For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space. | | |
|---|---|---|---|---|

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Cohen Braffits Estate development LLC *Last Name*<br>*First Name* **Primary Role:**<br>**Secondary Role (if any):** | Cotz *Last Name* George *First Name*<br>same *Firm Name*<br>47 S Franklin Turnpike ☐ Ramsey New Jersey 07446 *Street Address* *City* *State* *Zip*<br>+1 (201) 327-0900 +1 (201) 327-0019 cotzlaw2@aol.com *Phone* *Fax* *e-mail* | ○ YES<br>◉ NO | none |
| ☒ | Williams *Last Name*<br>Thomas *First Name* **Primary Role:**<br>**Secondary Role (if any):** | *Last Name* *First Name*<br>*Firm Name*<br>220 Franklin Tuirnpike ☐ Mahwah Nebraska 07430 *Street Address* *City* *State* *Zip*<br>+1 (201) 529-1351 *Phone* *Fax* *e-mail* | ○ YES<br>◉ NO | unknown at present |
| ☒ | Braffits Moiuntain development Unit *Last Name*<br>*First Name* **Primary Role:**<br>**Secondary Role (if any):** | *Last Name* *First Name*<br>*Firm Name*<br>31 Wheatley Road Old Westbury New York 11568 *Street Address* *City* *State* *Zip*<br>*Phone* *Fax* *e-mail* | ○ YES<br>○ NO | |
| ☐ | *Last Name*<br>*First Name* **Primary Role:**<br>**Secondary Role (if any):** | *Last Name* *First Name*<br>*Firm Name*<br>*Street Address* *City* *State* *Zip*<br>*Phone* *Fax* *e-mail* | ○ YES<br>○ NO | |
| ☐ | *Last Name*<br>*First Name* **Primary Role:**<br>**Secondary Role (if any):** | *Last Name* *First Name*<br>*Firm Name*<br>*Street Address* *City* *State* *Zip*<br>*Phone* *Fax* *e-mail* | ○ YES<br>○ NO | |
| ☐ | *Last Name*<br>*First Name* **Primary Role:**<br>**Secondary Role (if any):** | *Last Name* *First Name*<br>*Firm Name*<br>*Street Address* *City* *State* *Zip*<br>*Phone* *Fax* *e-mail* | ○ YES<br>○ NO | |

| **RELATED CASES:** | List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case No.** | **Court** | **Judge (if assigned)** | **Relationship to Instant Case** |
| | | | | |
| | | | | |
| | | | | |

Print Form

**SUPREME COURT OF THE STATE OF NEW YORK**

UCS-840C
3/2011

**COUNTY OF** Nassau

_____x

Eric Taubman, William Mayer, First National Land Develpoment et

Plaintiff(s)/Petitioner(s)

-against-

Zohar Cohen, A/k/a  Zohar AbiZohar , Cohen ,a/k/a Zohar Abikzer C

Defendant(s)/Respondent(s)
_____x

**Index No.** 60566/2015

**RJI No. (if any)** _____

**COMMERCIAL DIVISION**
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

[X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

[ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

[ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

[ ] Shareholder derivative actions — without consideration of the monetary threshold

[ ] Commercial class actions — without consideration of the monetary threshold

[ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

[X] Internal affairs of business organizations

[X] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

[ ] Environmental insurance coverage

[ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

[ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

[ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 3,450,000.00 plus equitable relief.

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

Plaintiff requests a preliminary and permanent injucntion, Declaratory judgment and speficic performance of a contratc to  admonister ad eventually liquidate a property.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

None at present.

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION.  I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: October 8th 2015

SIGNATURE

Michael L. Previto

PRINT OR TYPE NAME

# Exhibit I

**At an IAS Term of The Supreme Court
Of New York, County Of Nassau at the
Courthouse at 100 Supreme Court Drive
Mineola, New York 11501, on the___day
Of October 2015**

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU**

----------------------------------------------------------------- X

Eric Taubman, and William Mayer, AND                    Index no. 605266/2015
First National Land Development Company of
New York, LLC.

                            Plaintiffs,                    **Order to Show Cause
with Temporary
Restraints**

     -against-

Zohar Cohen a/k/a Zohar Abikzre, Cohen Braffits
Estate Development, LLC, Thomas Williams,
Braffits Mountain Liquidation Unit, LLC

                        Defendants,

----------------------------------------------------------------------- X

Upon the Reading of the annexed affirmation of Michael L. Previto , affirmed on the 5th_

day of October  and the Affidavits of Eric Taubman and William Mayer and upon the

exhibits attached hereto and upon the summons and complaint and upon all other

proceedings had herein ,it is :

**ORDERED** , that the defendants  Zohar Cohen ,a/k/a Zohar Abikzer,a/k/a/ Zohar Cohen

Abikzer ( hereinafter Zohar Cohen)  and Thomas Williams, and Cohen Brafitts Estate

Development **show cause** before this Court, , the Supreme Court of New York , County

of Nassau at IAS part ___,Before the Hon.                    , A Justice of this Court,

at the Courthouse located at 100 Supreme Court Drive, Mineola, New York 11501 ,on

the ___ day of October, 2015  at 10:00 o'clock in the fore noon why an Order should not

be granted for the following relief:

a) Appointing Plaintiff Eric Taubman or such other person as this Court shall designate as Receiver for the Corporate Defendant Cohen Braffits Estates for the purpose of administering said corporation and to protect the interests of the shareholders, and other investors in this company, and having the right and duty to collect all proceeds and account for all monies now in said corporation and to continue to prosecute and represent the Corporate Defendant in the Liquidation of a Property in Utah, commonly known as the Braffits Estates Development ,Debtor in Possession, said property being held by the United States Bankruptcy Court, Nevada District and to speak on behalf of Cohen Braffits Estates Development in the Administration of that proceeding and

b) Enjoining the Defendant Zohar Cohen from exercising management or ownership rights or powers over the defendant Cohen Braffits Estates  Development LLC ( hereinafter CBED) ,including but not limited to all assets financial  interests and/or Bank accounts  and directing that pending further Order of this Court, declaring Eric Taubman as managing member of said Company with the sole right of management and control of CBED pursuant to the assignment  and operating agreements dated respectively   June 18 2013 and June 5th 2013_between the parties and such other agreements and representations as  are attached hereto and that Eric Taubman  or said Receiver be the sole representative who is authorized and empowered to Speak and Act on behalf of CBED regarding in Re Braffits Creek Estates ,LLC, case no. 12-19780-LED ( Bank. Ct. Nevada District) including but not limited to the CBED's Plan of reorganization and all other proceedings in such matter ,during the pendency of this action or until further  order of this Court.

c) Enjoining Zohar Cohen, or others from entering into any transactions on behalf of the defendant CBED during the pendency of this action, or until further Order of this Court,, including but not limited to any withdrawals , transfers, or  distributions of funds or the making of any loan agreements ,loans or other agreements and that indicate or purport to bind ,obligate mortgage, lien or affect any right interest  or title in any property of interest in CBED.

d) Enjoining the defendant Cohen form using any money obtained from Plaintiff's herein to pay legal fee's in this matter.

e) Directing the Defendant's Zohar Cohen and Thomas Williams to turn over to the Receiver or Plaintiff all monies, as well as all Books and records of the Defendant CBED within twenty days of this Order,

f) Directing the defendant's Zohar Cohen and Williams to Account for all monies and property received from Plaintiff 's Taubman , Maher, and Braffits Mountain Liquidation Unit, LLC as well as the disposition of the Real Property commonly known as Conveyed to the defendants in this matter, and to render such accounting no later than forty days from the date of this Order.

g) Directing the defendants Zohar Cohen and Thomas Williams  to disclose and Account for all monies or other property received from other investor's or purported investor's as of the date of this order.

On the grounds that 1) the acts and threatened acts of the defendants are in

violation of Plaintiff's rights and the rights of others, with respect to the subject

matter of this action and would tend to render ineffectual any judgment obtained

herein and(2)  Plaintiff's have demanded a preliminary injunction because the acts

or future acts to be enjoined are if committed during the pendency of this action

would cause irreparable damage and unfairly injure Plaintiff's  as well as other

victims of the general public and it is further

**ORDERED** that, pursuant to CPLR 6313, pending a hearing on this motion for a

preliminary judgment , the Defendant is hereby restrained as follows;

a) The defendant's Williams and Zohar Cohen their agents attorneys and assigns are hereby restrained from exercising management , control or ownership rights over the defendant Cohen Braffits Development LLC ( Hereinafter "CBED" ) including but not limited to all assets ,financial interests, and or bank accounts and directing that  pending further Order of this Court

b) Eric Taubman is Hereby Appointed manager of CBED with the sole right of management and control of CBED subject to this court's supervision  and as sole representative shall be authorized and empowered to speak and act on behalf of the Company  regarding IN RE BRAFFITS LLC, case number 12-19780 ( bank ct. dist. Of Nevada).

b) That _____having an office located at _____is  hereby appointed Receiver of the Defendant CBED and as such shall administer to the company having all authority and powers to speak on behalf of the Company, for all matters Including In Re Braffits LLC.under case number 12-19789, United States Bankruptcy Court,Nevada District.

c) Enjoining Zohar Cohen from entering into any transaction on behalf of Cohen Braffits during the pendency of this action or until further order of this court including but not limited to any withdrawals ,transfers, or distributions of money or property ,or the solicitation of any loans, investments or agreements that bind or obligate CBED in any way,

d) Enjoining Zohar Cohen from using any monies or property of CBED or that may have been obtained from Plaintiff's or other victims to pay for the legal fees of this action and it is further

**ORDERED** that Zohar Cohen, Thomas Williams and/or Their Attorneys shall produce and furnish to this Court at the hearing scheduled herein above with all books and records of CBED and all transactions and to the Receiver along with an accounting of all monies and property on hand of CBED as of the date of this order and it is further

**ORDERED** that a true copy of this Order to Show Cause and it's supporting documents shall be made upon the Attorney for Cohen Braffits Development LLC and Zohar Cohen George Cotz Esq. his Office located at 180 Franklin Turnpike, Mahwah ,New Jersey 07420 and upon Thomas Williams at his address located 220 Franklin Turnpike, Mahwah, New jersey 07430 on before October ___ 2015, by Federal Express Overnight delivery service thereon be deemed good and sufficient service thereon

Enter:

_____

**Dated:**                                    **Justice, Supreme Court**

# Exhibit J

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-------------------------------------------------------------------- X
**Eric Taubman, and William Mayer, and**                        Index no. 605266/15
**First National Land Development Company of**
**New York, LLC.**

                                        **Plaintiffs,**                **Affidavit**

-against-


**Zohar Cohen a/k/a Zohar Abikzre, Cohen Braffits**
**Estate Development, LLC, Thomas Williams,**
**Braffits Mountain Liquidation Unit, LLC**

                              **Defendants,**

-------------------------------------------------------------------- X

State of New York

County Of Nassau


Eric Taubman being duly sworn, deposes and says:


1.  I am a Plaintiff in the above entitled action and make this affidavit in support of
Our request for immediate relief with respect to obtaining control of the defendant Cohen
Braffits Estates Development.

2. I am one of two individual Plaintiffs, the other being William Mayer, my
Grandmother's Husband and I make this affidavit in support of our request for
preliminary injunctive relief with temporary restraints, or in the alternative the
appointment of a Receiver for the Defendant Cohen Braffits Estates Development .
As will be seen, such relief is imminent and necessary because the defendants have acted
in a deceptive, fraudulent and wrongful manner and said actions are of a continuing
nature. Such acts and threatened acts are in violation of our rights and would tend to
render as ineffectual the judgment and permanent relief sought in this case. The
temporary and preliminary relief sought in our proposed Order to Show Cause  are
requested because the Defendants are wrongfully depriving us of our rights under written

agreements between the parties and , and there is threat of irreparable harm to Plaintiff's if such relief is not granted . I , along with Mr. Mayer (see Mayer affidavit) , am fully familiar with the facts set forth below. No prior request for the relief granted has been made to this Court or any other court.

## PRELIMINARY STATEMENT

3. This matter involves a business venture between myself, Mr. Mayer and the defendants Zohar Cohen, a/k/a Zohar Abikzer who also is known as Zohar Abikzer Cohen ( herein after "Zohar Cohen" or "Cohen" ) The venture began as a Real Estate Investment for three commercial in exchange for monies our forfeiture of an investment property of ours in Tuxedo Park, N.Y. which thereafter was rolled into a development called Braffits mountain in the State of Utah.

4. In actuality Zohar Cohen was and continues to impersonate himself as a member of the famous Cohen Brothers Real Estate Development Company in New York City and the heir to the Cohen Family Trusts in order to get our attention, trust and confidence and to induce us into these ventures with him. I later learned of his misrepresentations, but well after much damage was done to me and  Mr. Mayer.

5. In actuality Cohen's true surname is actually Abikzer .He has no family or other relation to the Cohen family Empire . Instead he lives in Monsey ,New York and apparently took his mother's maiden name " Cohen"  to assist in his scheme against us and others.

6. The defendant Thomas Williams was a co- conspirator who aided and abetted Cohen by using his office and title to lend a sense of legitimacy to the machinations of Cohen and who also assisted in the deception of others.  Although unproven at this time it is believed he abused his trust account to the damage of myself, Mr. Mayer and others dating back to at least 2007.

7. I attach hereto my Summons and Complaint ( exhibit 1 ) whose allegations we incorporate by reference as if fully set forth herein in order to provides additional and more detailed evidence as to what happened to us. Also attached is my Attorney's affirmation which details the Damage Cohen and Williams did to others which necessitate the need for a receiver and the restraints requested to stop this nonsense once and for all.

## THE IMPOSTER DEFENDANT

8. Cohen Braffits Estates Development, LLC. is a New York Limited Liability Company that purportedly maintains a place of business located at 721 Fifth Avenue, New York , N.Y. . This entity was originally formed by Zohar Cohen and it is this entity which he has used to exercise Control over the Utah Property. This transaction was actually a culmination of events whereby we now know he kept taking money, converted it, and later came back and offered a new deal. The last deal, which he is currently reneging on is the Utah investment. ( See exhibits 2 and 3). The court is respectfully referred to exhibits 2 through 8 which covers the full situation of what took place here.

That furthermore the defendant Cohen either alone or in concert with others conspired to convert the Property's in New York commonly known as 1030 Woodycrest Bronx, New York, 1535 Taylor, Bronx, New York and 828 Cortland, Bronx New York to his own use and as such liquidated said property.

9. Zohar Cohen , with the assistance of Williams falsely represented himself as the heir to the " Cohen Family" trust and the two actually used pictures, flow charts and other documents which lead me and Mr. Mayer to believe that he was a member of the Real Estate development group under the Cohen name.

10. As such they induced us to invest first in a portfolio Real Estate Venture.

11. The first Transactions the parties entered into concerned several pieces of Real Estate which the Defendant claimed was needed to finance a Property in upstate New York commonly known as Hudson Valley Resort which in which Williams , to assist in inducing Plaintiff's to invest  showed the Plaintiff's various flow charts and tables to impress the Plaintiff's  that the property would be profitable . As such the Plaintiff's made an initial investment of over $ 250,000.00 thousand dollars and also conveyed their rights in to a Million Dollar property in Tuxedo Park. This turned out to be fraudulent.

12. In the Spring and summer of 2013 the Defendant Williams acted as Attorney for Zohar Cohen as wells for the Plaintiff's and their corporations. That at the time Plaintiff Mayer ( see Mayer affidavit) along with one Inez Bradley were acting without counsel and attended a meeting in April of 2013 with Cohen and Williams. Mayer at said meeting relied on the defendant Williams' advice and integrity as Attorney in deciding whether to

go forward with the transaction. That Defendants Zohar and Williams acting in concert advised the Plaintiff's advised the plaintiffs they were in control of Hudson Valley Resort and that the Plaintiff's through FNLDSC were 50% operating owners. In addition they supplied the Plaintiff with "spread sheets" showing the cash flow of Hudson Valley and represented to them that upon receipt of $ 225,000.00 they would be half owners of that Property holding. As such they fraudulently induced Plaintiff's to pay the additional $ 225,000.00

13. At the behest of Cohen, Williams at a meeting in April 2013 showed the Plaintiff's various documents that purported to show the relative safety of their investment, including a chart that represented that income from Hudson Valley resort property would be more than enough to sustain the money required to continue the investment in the Braffit's project. It was also represented that Mr. Cohen would have the resources to complete the deal after the $ 225,000. 00 was paid. The Property that was the subject of this investment was known as Hudson valley Resort and Spa. That further " profit and Loss" statements purporting to show the bright prospects of the company, were sent to Plaintiff Mayer to further induce him to mortgage his home and invest the sums requested. It is now asserted that these documents were fraudulent and Williams Knew it. Further, the actions of Williams in advising Plaintiff's and adding" legitimacy" to the assertions and now known misrepresentations of Cohen induced the plaintiff Mayer to pay this money. Later on Williams sent an e-mail confirming these presentations. (exh 9)

14. This Transaction was completed.

15. Thereafter numerous queries and requests were made by Plaintiff's for status updates and a return on their investment but these inquiries were ignored we were then placated after seeking to enforce our rights with a new situation.

16. In fact Cohen then advised the Plaintiff's that there was no money left and to recoup their investment he had a very lucrative opportunity in the Distressed Utah property. The defendants, jointly and severally were to pay off a tax lien on the distressed property and in general administer the rights of all parties with respect to expenses, costs and disbursements in the appearance and representation of all parties in the United States Bankruptcy Court in The State of Utah. Fearing on losing their investment they were further induced to sign the above properties over to Cohen and in turn Plaintiff's

Company First National Land Development and in turn was to receive half of Cohen Braffits Mountain Liquidation Unit in exchange and was given the land as well as the addition al sums by parties which by now amounted to approximately $ 500,000.00 . The Defendant Zohar had approached the Plaintiff's about investing in the Braffit Creek Development properties which are located in Utah and which is the central property in a Chapter 11 Proceeding in the United States District Court of Nevada. As part of the portfolio of properties . Zohar Cohen represented that he had substantial experience and sufficient assets from the " Cohen family Trust" which induced us to convey the property to Him and invest further money. To this end the Plaintiffs formed Braffits Mountain Liquidation Unit, LLC for the purpose of purchasing , owning and administering the distressed property currently held by the United States Bankruptcy court in the State of Utah. Braffits Mountain was to be owned jointly by Cohen Braffits Development and Plaintiff's company First National Land Development Inc. As such the parties entered into an operating agreement (see exhibit 2) In fact Cohen reneged on that situation and instead **used Cohen Braffits** to position itself for the liquidation sale in the Bankruptcy Court. Basically he took our money and is attempting to cut us out of the profits of that bankruptcy sale.

15. However Cohen was not done yet .Plaintiff's Taubman and Mayer were thereafter threatened that they had to immediately come up another $225,000.00 in order to buy the tax note. Defendant Cohen already contracted through Cohen Braffit to be joint owners with Plaintiff's company National Land Development Company of Braffits Mountain liquidation Unit. To further induce the Plaintiff's he then executed an assignment of 50 percent of Cohen Braffits Development to Plaintiffs. The executed an assignment to that effect which is attached hereto as Exhibit 1.

16. Mr. Mayer was induced to mortgage his residence to obtain this money and he did.

17. We have since learned that in the meantime Cohen was dealing with other investors and never followed through on his last promise . As the situation now stands he never formed the Liquidation unit ,sent us e-mails saying we were " merely Minority shareholders and in the meantime endangered the welfare of our investment, by attempting to operate behind our back in the Bankruptcy Court by using " his" company Cohen Braffits Estates Development Corp and ignoring us.

18. Cohen Braffits Estates Development, LLC through Cohen has continued to circumvent our ownership interests and our rights with respect to the Property in Utah. Furthermore, we now have evidence that Mr. Cohen embarked on a huge fraudulent scheme with respect its purchase of the Utah Property interest and has hurt numerous people and corporations in the process. As such we feel he is an eminent danger to further wrong doing and needs to be stopped in order to protect our rights in Cohen Braffits and from victimizing others .

19.We know for a fact that he has injured the following Groups and persons:

a) RMB Group was taken for $ 120,000.00 to fraudulently purchase the tax note or the rights thereto from  a Firm called Kennedy Funding.
b) One Henry Weinstein was induced to invest 137,000.00 supposedly for the same purpose
c) A Texas bank was "pledged" collateral( Braffits) to borrow $ 1,060,000.00
d) An Individual named Abraham in Rockland was induced by Cohen and Williams to invest between 1and 2 million dollars for the  same property.
e) Another Group Known as Dune Road also was swindled.

20. None of these transactions were disclosed to Plaintiff or anybody else , and it is obvious that Cohen intended to and in fact did  divert at least some of our funds and the funds of others to his own enrichment and personal use. My Attorney's affirmation goes into these transactions in greater detail.

22. As a result of Defendants' conduct, Defendants have been unjustly enriched, and to date have not lived up to their agreement

23. As such we are seeking to be allowed to assert ourselves as the controlling interest in the Bankruptcy Court so that we may recoup our investment and possibly the investment of the others if they are in fact legitimate.

24. That Plaintiffs seek a Declaratory Judgment confirming their contractual rights to the Promissory notes as per the contract granting them jointly and severally One half ownership of the Purchased note and all rights, interest and benefits derived from said ownership however by the time this case is played out , it may be too late. While at present we have Counsel trying to represent us in   The Bankruptcy Proceeding, it is not their province to deal with ownership  rights of the Creditor. As such we are here.

24. That Plaintiffs seek a Declaratory Judgment confirming their contractual rights to the Promissory notes as per the contract granting them jointly and severally One half ownership of the Purchased note and all rights, interest and benefits derived from said ownership however by the time this case is played out , it may be too late. While at present we have Counsel trying to represent us in   The Bankruptcy Proceeding, it is not their province to deal with ownership  rights of the Creditor. As such we are here.

25. That Plaintiff be granted full rights and participation in the Chapter 11 Bankruptcy proceeding presently pending in Utah with myself as the Operating officer or a Court appointed receiver who can define and protect the rights of the Plaintiff's and other who may have an interest in the company or the property upon which is based. That as such we be authorized and empowered to Speak on behalf of Cohen Braffits Development to assure that Cohen does not victimize anyone anymore with respect to this transaction, at least.

26. That even now Cohen Braffits Estates Development LLC and Zohar Cohen are under a duty to protect and properly administer Plaintiff's rights in the Bankruptcy case Entitled Braffits Creek Estates , L.L. C.  a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

27. After obtaining the monies alleged above the Defendants Cohen Braffits Estates and Zohar Cohen failed to Protect Plaintiff's rights in that proceeding with  the administration under a chapter 11 plan which included the paying of Court and United States Trustee fee, the payments it agreed to pay to Debtor's Counsel , the failure to submit operating reports as required by the Court and it's local rules, and failed to abide by the confirmation order and other orders of this Court.

28. The further the Defendants have not established and funded a liquidation trust as required by Order of the bankruptcy Court.

29. These defaults are considered " material " to the confirmation proceeding and the defendants have failed to take the proper action to protect it's investors, the plaintiff's in it's stake in the properties presently held by the bankruptcy court and at issue now the

United Trustee has moved that court to convert the chapter 11 filing to a Chapter 7, which has jeopardized the Plaintiff's ability to properly their interests in the Bankruptcy Court.

30. The defendant's Braffits Estates development LLC and Zohar Cohen failed in their protect and properly administer Plaintiff's rights in a Bankruptcy case Entitled Braffits Creek Estates , L.L. C. in a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

31. As a result of the Foregoing the Plaintiff seek a temporary and then a permanent injunction against the defendants Cohen Braffits Estates Development and Zohar Cohen from impeding or interfering with Plaintiff's actions in entering the United States Bankruptcy Court and Speaking on behalf of Cohen Braffits Estates Development and curing the default's brought about by Zohar Cohen and Cohen Braffits Estates Development, LLC and furthermore in participating in and helping bring a about the proper administration of the Bankruptcy Estate.

32. We request that this court act quickly in neutralizing this predator, and grant the relief requested herein.

Sworn to before me

This 5 day of ~~September~~ October 20S.

_____
Plaintiff

Melissa A Aucone
Notary Public State Of New York
Suffolk County
Lic. #01AU6160827
Commission Expires Feb. 12, 20__

# Exhibit K

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NASSAU**

-------------------------------------------------------- X

Eric Taubman, and William Mayer, and                            Index no. 605266/15
First National Land Development Company of
New York, LLC.,

                  Plaintiffs,                      AFFIDAVIT

     -against-

Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar
Abikzer Cohen, Cohen Braffits Estate Development,
LLC., Thomas Williams, Esq., and Braffits
Mountain Liquidation Unit, LLC.,

               Defendants.

-------------------------------------------------------X

State of New York

County of Nassau

William Mayer being duly sworn deposes and says:

1. I am a Plaintiff in this action and I respectfully request that the relief requested by our

Attorney be granted immediately and completely.

2. My co-plaintiff and I will be irreparably harmed unless Zohar Cohen is stopped dead in his
tracks from perpetuating a huge fraud on the plaintiffs Mayer and Taubman and others.

3. Plaintiffs Mayer and Taubman and defendant Cohen are contracted joint owners of the

Braffits Mountain Liquidation Unit, LLC (BMLU) formed for the purpose of purchasing,

owning and holding a distressed property currently held by the United States Bankruptcy court

in the State of Utah, now hereafter referred to as the Braffits Mountain Property. The Braffits

Mountain Property was to be jointly owned by Plaintiff's First National Land Development of

New York, LLC., (FNLDC) and the Defendant's Cohen Braffits Estate Development, LLC.,

(CBED). Instead of honoring the signed agreements, Cohen has tried to bypass us using only

the defendant's company, Cohen Braffits Estates Development, LLC (CBED) as the single

represented party in the bankruptcy Court presently held in Utah (see plaintiff Taubman's

affidavit). As such we request that the court exercise its discretionary powers and enjoin Cohen and grant a receiver to protect our rights.

4. Much of the transactions have been covered in plaintiff Taubman's affidavit. However I respectfully add additional facts to show how Cohen induced us to give him substantial money and property. (see also Exhibits 2 to 8)

5. In April 2013 Inez Baron (a business associate of plaintiffs) and I attended a meeting with defendants Cohen and Williams without counsel. At the meeting I relied on the defendant Williams's advice and integrity as an Attorney in deciding whether to go forward with the transaction. That defendant's Zohar and Williams acting in concert advised the me and subsequently plaintiff Taubman that they were in control of Hudson Valley Resort and Spa (HVRS) and that the plaintiffs through their company FNLDC were 50% operating owners. In addition they supplied the Plaintiff with "spread sheets" showing the cash flow of HVRS and represented to us that upon receipt of $ 225,000.00 we would be half owners of the Braffits Mountain Property. As such they fraudulently induced the plaintiff's to pay the $ 225,000.00.

6. That at the behest of Cohen, Williams at a meeting in April 2013 showed Inez Baron and me various documents that purported to show the relative safety of their investment, including a chart that represented that income from HVRS property would be more than enough to sustain the money required to continue the investment in the Braffits Mountain project. Defendant Cohen, in front of Williams showed Inez Baron and me copies of checks in the name of the Cohen Fund for the amounts of 3 million and 6 million dollars. Defendant Cohen, in front of Williams, represented he would have the resources to complete the deal after the $ 225,000. 00 was paid using his family's "Cohen Trust Fund", if any problems arose.

7. That further, " Profit and Loss" statements purporting to show the bright prospects of the HVRS were sent to plaintiffs Mayer and Taubman, and one Kinan Nimeh, to further induce me to mortgage my home and invest the sums requested. These documents were fraudulent, as well as Cohen's purported wealth, and Williams knew it. Thereafter Williams sent an e-mail confirming these misrepresentations. (see exhibit 9)

8. Cohen acting in concert with Williams, fraudulently induced me to apply for and procure a mortgage on my home, in the amount of $224,000 which was represented by Cohen and Williams to be used as further investment in the above described transaction. I was threatened with losing my prior investments with the defendant (Bronx apartments and HVRS investments) if I did not comply. In our complaint against the defendants in the Supreme Court of Nassau County above, we will show that the Bronx apartments and the HVRS investments where also fraudulent.

9. After the transaction, I hired my own attorney, Andrew L. Jaloza, Esq., who attempted to obtain the status of the entities that were represented by Cohen and Williams to be profitable and thereby securing the funds Mayer sent, but was unsuccessful. It was later found out that we, the plaintiffs Mayer and Taubman, had been deceived and that the properties were not generating sufficient income, in fact, it is questionable whether the defendants had any control over HVRS at any time. That as a result the defendants fraudulently induced the Plaintiffs to send additional monies which were in fact never used for the purpose intended.

10. That at all times the defendants Cohen Braffits Estates Development, LLC and Zohar Cohen were under a duty to protect and properly administer the plaintiff's rights in a Bankruptcy case entitled Braffits Creek Estates , L.L.C., in a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

11. Defendants Cohen and Williams, Esq., continue not to communicate with us, the plaintiffs, stating that we are "minority members," and not entitled to information. My attorney Andrew L. Jaloza, Esq., was not successful in obtaining any information on the plaintiffs investments from both defendants. We have many documented correspondences in the form of emails, letters, and telephone conversations confirming the defendants' non-compliance.

12. We have been "frozen out" of our rights.

13. However through our own investigation we have found that even now Cohen continues to defy his investors and the Courts.

14. After obtaining the monies alleged above the defendant Zohar Cohen and his company, CBED, failed to protect the Plaintiff's rights in the Bankruptcy proceeding which had to do with the administration under a chapter 11 plan which included the paying of Court and United States Trustee fees, the payments it agreed to pay to Debtor's Counsel , the failure to submit operating

reports as required by the Court and it's local rules, and failed to abide by the confirmation order and other orders of that Court.

15. Further, the defendants have not established and funded a liquidation trust as required by Order of the bankruptcy Court and as set up by us for that purpose.

16. These defaults are considered " material " to the confirmation proceeding and the defendants have failed to take the proper action to protect its investors, the plaintiffs in its stake in the properties presently held by the bankruptcy court.

17 As a result of the foregoing the defendants, through their consistent failure to properly administer the Plan they themselves put forth and had confirmed, have force the United States Trustee to move that court to convert the Chapter 11 filing to a Chapter 7, which has jeopardized the plaintiff's ability to protect their interests in the Bankruptcy Court.

18. As a result of the foregoing the plaintiffs seek a temporary and then a permanent injunction against the defendants Zohar Cohen and Cohen Braffits Estates Development, LLC., from impeding or interfering with plaintiffs' actions in entering the United States Bankruptcy Court and asserting the plaintiffs' rights to cure the defaults brought about by Zohar Cohen and Cohen Braffits Estates Development, LLC., and further help to bring about the proper administration of the bankruptcy Estate.

19. That the plaintiffs be appointed as Receiver of the Entity known as Cohen Braffits Development Estate, LLC., with full rights to administer actions of the Company, or in the alternative to appoint a receiver to carry out these duties.

Sworn to before me
This 5 day of September 2015

William Mayer

CATHY GONZALEZ
Notary Public - State of New York
NO. 01GO6058064
Qualified in Nassau County
My Commission Expires 1/30/2019

# Exhibit L

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------- X
Eric Taubman, and William Mayer, and

First National Land Development Company of
New York, LLC

               Plaintiff,

-against-

Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar
Abikzer Cohen, Cohen Braffits Estate Development,
LLC., Thomas Williams, Esq., and Braffits
Mountain Liquidation Unit, LLC,

               Defendants.

--------------------------------------------------------X

Index no.  605266/15

**AFFIRMATION**

Michael L. Previto, an Attorney at Law duly admitted to practice law before the Courts of the State of New York, knowing the penalties for perjury hereby affirms the following pursuant to CPLR 2106:

1. This affirmation is submitted for the purpose of obtaining immediate relief against the defendants Zohar Cohen, a.k.a. Zohar Abikzer and Cohen Braffits Estate Development

### SUMMARY OF THE CASE

2. Upon review of the proof submitted herewith we require this relief immediately in order to protect Plaintiffs rights as well as the rights of others who have been injured by the defendant Cohen and to obtain control of the defendant Cohen Braffits Estate Development. All defendants have been served and  Jurisdiction established. The defendant attempted to file a motion to Dismiss for "forum non conveniece" (all parties reside in new York?)   but that motion was rejected by the electronic filing system and as of yet has not been corrected.

3. Plaintiff Eric Taubman is an individual residing at 35 Wheatley Road, Old Westbury, in the County of Nassau, State of New York and Plaintiff William Mayer is an individual residing at

149-30 83r$^{d}$ Street, Howard Beach, in the County of Queens, State of New York. Both
Plaintiffs, and their company's have been damaged by the defendants and will continue to
to sustain damages unless the relief we request is granted and granted quickly.

4. Below I am submitting the details of the numerous other persons and entities that Zohar
Cohen, sometimes with the help of Williams, has victimized making it essential on the
Court to appoint a temporary receiver now or at the very least enjoin and stop his horrific
behavior.

5. In a Nutshell , Zohar Cohen has acted as an imposter , claiming to be a member the
Cohen Family Building Empire in New York City, and claiming to be the beneficiary of
a Cohen "Family Trust",  and even went to the extent of incorporating the Defendant
Cohen Braffits Estate Development LLC using as an address 721 Fifth Avenue, New
York N.Y. which is Trump Tower. In doing so he first induced the Plaintiff's to make one
investment and thereafter through a combination of inducement and fear talked them into
another investment, by selling a fictitious portfolio of  assets, using an  Attorney, Thomas
Williams as a cloak of legitimacy. Both of these people have engaged in this tag team
confidence game before.(infra).

6. As can be seen in the affidavits supplied herewith by Plaintiff's it is apparent that the
actions by Cohen have deprived my clients of a great deal of money and property, and
thereafter shut them out excluding them from the Bankruptcy where there is
at least a chance of getting some money back. Through a series of contracts and
misrepresentations by the defendants ( see exhibits 2 to though 8)  The Plaintiffs were
induced to form a corporate entity purportedly to be used as a Liquidation Unit in the
bankruptcy proceeding and were never told in the interim that he did the same exact thing
to at least one other group.

7. The Court is respectfully referred to the initial operating agreement which created the
Braffits Mountain Liquidation Unit. This Agreement specified that Plaintiff's company

First National Land Development of New York, would Own One half of Braffits

Mountain Liquidation Unit, with the other half owned by Cohen Braffit Estates

Development Unit which was owned by Cohen. Thereafter, Defendant scaring the

Plaintiff's by telling them that if they did not come up with additional funds they would

lose all their money previously invested even though Cohen promised no additional

money would be required as stated in the contracts .Cohen then assigned one half of

Cohen Braffits Estate development to the Plaintiffs. ( see exhibits 2, 4). Plaintiff Mayer

refinanced his home basically leaving him destitute and as such has suffered severe harm

8. Since this last development Cohen has refused to speak to Plaintiff's, never set up the
liquidation unit in the bankruptcy operating under Cohen Braffits, and not allowing any
input by Plaintiffs . He failed to disclose the Ultra Vires transactions with other parties,
and has already told the Plaintiff Mayer that they are not involved and are not getting
anything.( see exhibit 9) At present he has opposed our request to intervene in the
bankruptcy and has acted with stealth and secrecy.

9. As will be seen in the affidavits and exhibits, Cohen embarked on a well orchestrated
and oft –repeated quest to slowly deprive the Investor Plaintiff's of their money ,their
rights and even their dignity. This court can restore some chance of recovery if the
interim relief requested herein can be granted .

**ADDITIONAL ACTS OF THE DEFENDANT THAT WARRANT THIS RELIEF**

10. Cohen has defrauded the Public before and at Times the defendant Williams has
helped him . Below is a brief synopsis of the other acts and transgressions Counsel has
been able to uncover.

a)  Upon information and belief, prior to the plaintiff's involvement with defendant Cohen and the
Braffits Mountain Property, it was alleged in a New York Supreme court action, RMB Properties vs .Zohar
Cohen.,  the formation of Braffits Estates Development, LLC and its purchase of the interest, rights, and
ownership of the Braffits Mountain Property. The defendant Cohen solicited and induced one RMB
Properties to fund the defendant the sum total amount of $120,000. This inducement was fraudulent.
On or about March 4, 2013, a company called Kennedy Funding, Inc., a New Jersey corporation,  entered into a
Note and Mortgage Purchase and Sale Agreement with defendant Cohen Braffits Estates
Development, LLC, (CBED), an entity formed by defendant Cohen on information and belief using the
funds wrongfully taken from RBM.Cohen . RBM sought Judgment for the return of the $120,000, with
interest, asserting causes of action for quasi contract (unjust enrichment), conversion, breach of fiduciary
duty, violation of Judiciary Law § 487 and injunctive relief. *RMB Properties, LLC v. Kennedy Funding , Inc.,
Zohar Cohen a/k/a Zohar Abikzer* index no.

156709/2013 ( NY County Sup)

b) On or about December 17 2013 without Plaintiff's knowledge or consent did enter into a loan agreement with International Interest a Texas Partnership ( hereinafter " Texas LP") whereby Cohen induced a loan of $ 1,060,000.00 in return for an "option" for % 80 percent of all rights title and interest of CEBD thereby potentially extinguishing all rights of ours in CBED. However Texas declined to exercise those rights instead filing suit against Cohen and CBED and prevailing with a judgment against CBED and Zohar,for 1,060,000.00 . *International Interests v. Cohen Braffits Estates LLC and Zohar Cohen* 4-14-CV-02594 ( U.S. D.C. Texas 2015).

c) Dune Road. Both Zohar Cohen and Williams are sued for fraudulently inducing a marketing firm to continue work and service on a project using the same alias and producing fraudulent checks and wire transfer to further induce work and services. *Dune Road Group* v. *The Grindi Group* ,656564/2011 ( sup. Ct NY Co)

d) This case alleges that the same exact thing happened to Mr. Klienman , the impersonation of Cohen, the actions of Williams and the execution of said agreements and continuing fraud followed by new agreements with respect to Mr. Abraham's investment into CBED. This case alleges Zohar received over 1 million dollars and promised first $ 50 percent of the same company owned by Plaintiff and the rest thereafter. This case was commenced in Rockland County Supreme Court and seeks an injunction against Cohen under index number 33699/2015 a removal petition was filed and is pending as of this date *Abraham Klienman et al v. Zohar Cohen and Thomas Williams United States District Court , SDNY docket no presently unknown*

e) Henry Weinstein. In 2014 he was induced to give Zohar Cohen the sum of $137000.00. He has no heard from him since. ( Facts supplied by interview)

11. As the Court can plainly see the conduct of the defendants have impacted on both the public and the Plaintiff's directly in these other matters. The Court must stop him and if it reads below ,it can stop him.


## A Receiver is Warranted and Proper


12. The authority to appoint a temporary receiver is authorized by CPLR section 6410 which states:

"upon motion of a person having an interest in property which is the subject in the Supreme Court…before or after the summons and  at any point prior to a judgment…where there is a danger that property  will be removed from the State, or lost, or materially injured or destroyed" CPLR 6410(a).

13. In this case a brief review of the facts as stated by Plaintiff's Taubman and Mayer as well as

the list of similar schemes by the defendant warrant this unusual step for the purpose of protecting the Plaintiffs and others from any further frauds and of secretions of monies by this defendant.

14. The corporate assets at issue herein consist of possible moneys along with the Property in Utah. Using that property as a lure, the defendant has defrauded or possibly obtained investors which as described above, could by their very existence destroy the property of the company. A movant must show that such an appointment is necessary to protect the Property from waste, dissipation and disappearance IN Re Armienti 309 AD 2nd 659 ( 1st Dept.2003). That we further believe that upon reading of this affirmation, the two affidavits and the exhibits that we have made a clear evidentiary showing of the necessary conservation of the property at issue and the need to protect the movant's interests. Lee v. Port Richmond Avenue Realty 303 A.D. 2nd 379 ( 2nd dept. 2003) , Secured Property of NY v. Dansker  263 A.D.2nd  503 ( 2nd Dept. 1999).

15. Ordinarily in a case where a company is solvent however in a case such as this, where the " General Partner " is involved in acts of waste, misconduct, misappropriation of funds and self enrichment at the expense of the entity, appointment of a temporary receiver is appropriate. Kestner  v. Morris 22 Misc. 2nd 498 ( NY Sup. 1959) Nadrich v. Nagelberg 8 Misc. 2nd 339 ( Kings Sup 1957).

16. This is especially true where the wrongdoer has shown through past and present conduct a predisposition to take unilateral action in disregard to plaintiff's rights thereby demonstrating a danger of material injury to the property Chaline Estates v. Fuhrcraft Associates  278 A.D. 2nd 141(1st. Dept. 2000).

17. There is no doubt that through a series of ruses and scams Mr. Cohen has converted the investment of Plaintiff's investment money. In proposing to the Bankruptcy Court the use of Cohen Braffits as the holder of the note, therefore bypassing the corporation that the parties planned to use, it should be obvious that Cohen has cut out or is attempting to cut pout the

Plaintiffs rights in the Braffits Realty Project.

18. If the Court again reviews the fall out from Cohen's actions, it should note that a receiver may be necessary, pursuant to this court's control that the distribution of assets if and when they become liquidated could lead to litigation between the various claimants, if the Plaintiff or one of the Other cases should be resolved against the defendants or if indeed the Property in Utah is sold Though Bankruptcy or otherwise. Having a receiver reporting to the court would, one would hope, allow for a greater efficiency of asset distribution.

19. We therefore request that this request be granted.

## TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF SHOULD BE GRANTED

20. A motion for injunctive relief is addressed to the discretion of the Court. Gamber Enterprises Inc. v. Kelley Services 69 A.D. 2nd 297 ( 4th dept. 1979) and with respect to limited liability companies in particular the Courts have granted such relief. Madelone v. Whitten 18 Misc. 3rd 1131 (Sup ct. Albany). In Madelone the court specifically held that efforts to defeat the terms of an operating agreement cannot be countenanced by the court. Madelone at pg. 6 .

21. The actions of Zohar Cohen have been deceitful, secret and wrongful. They cannot be allowed to continue.  He has violated every promise he has made in this venture. He has tried to " freeze out" Plaintiff's from the venture, by first signing the operating agreement , and t5hem circumventing it by not setting it up in the Bankruptcy Proceeding.

22.    CPLR 6301 ,provides the requirements necessary to obtain preliminary and temporary relief.:

" A preliminary injunction may be granted in any action where it appears that the defendant The defendant threatens, or is about to, or is doing or is procuring or suffering to be done ,an act in Violation of the plaintiff's rights respecting the subject of the action ,and tending to render the Judgment  ineffectual ,or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act ,which if committed during the pendency of the action ,would produce injury to Plaintiff.
A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury ,loss or damage will result unless the defendant is restrained before the hearing can be had. CPLR 6301.

23. In the case at bar the defendant Cohen is wrongfully managing CBED , after having taken

Plaintiff's funds and have frozen the Plaintiff's out of the Bankruptcy Proceeding wherein he has

taken money from others to avoid defaulting on the reorganization plan. His continued

mismanagement of that action is not only in violation of Plaintiff's ownership rights under the

agreements herein but also raises the distinct possibility that he might forfeit the investment.

24. Defendant's continued actions , and breach of fiduciary duty constitute a continuing violation

of Plaintiff's rights and threatened the viability of this venture.

### THE THREE PRONG TEST FOR PRELIMINARY RELIEF

25. As enumerated in Aetna Insurance  v. Capasso ,75 N.Y. 142 (1990) New York applies the

following three prong test in determining preliminary relief:

> In order to be entitled to a preliminary injunction, plaintiffs had to show (1) A
> probability of success,.(2) danger of irreparable injury in the absence of an injunction
> and, (3) a balance of equities in their favor. Aetna at 919.

26. The first factor, likelihood of success on the merits, Eg. Hightower v. Reid 5 A.D. 3rd 440(

2nd Dept. 2004) is well proven here. The defendant left a paper trail of agreements and lies in his

wake and the proof in the exhibits attached herewith should convince this court of the great merit

of this action .

27. In most cases this proof is reduced to the situation, as in this case, where the denial of the

injunction would tend to make any judgment ineffectual Republic of Lebanon v. Sotheby's 167

A.D. 142 ( 1st Dept. 1990) , Gramercy Co. v Beneson 223 A.D. 2nd 407 ( 1st dept 1996).

28. This has been held to be the case even if certain issues may be unresolved United States Ice

Cream v. Carvel 136 A.D.2nd 626 ( 2nd Dept 1988), Burmax v. B and S Indus 135 A.D. 2nd 599

( 2nd dept. 1987) .

29. In the case at bar the Plaintiff has demonstrated a likelihood of success on the merits, since acting in concert with Williams he breached his fiduciary duties under the agreements to Plaintiff, . From the beginning the defendant fraudulently induced Plaintiff's investment structuring the deal in such a way as to make it difficult to enforce their rights once the money was handed over.  He wrongfully caused Plaintiff's to contribute effectively all of the cash to finance his   purchase of the Note and the administration of his plan. Meanwhile he ignored the entities he helped create and shut out the Plaintiff's from recouping their money and in participating in the sharing of the prospective profits. The Operating Agreement and Assignment clearly show that  Plaintiff had these rights and courts have held such provisions are enfrcable. Nathanson v. Nathanson 20 A.D. 3rd 403 ( 2nd Dept. 20015) .

30. The relationship is analogous to that of partners who are fiduciaries of each other and owe a duty of undivided loyalty  E.G.  Willoughby Rehabilitation Center v. Webster 13 Misc. 3rd  403 ( Nass Sup. 2006), and must always disclose the full facts. Bookhammer v. I. Karten –Bermaha 52 A.D. 3rd 246 ( 1st dept. 2008).

31. The second factor is the Danger of irreparable injury. Plaintiff's have already exhausted most of their life savings and one plaintiff has actually put himself on the brink of foreclosure. The other had his credit destroyed and  could not help his family when they were foreclosed upon.

32. The requirements herein have been held to mean injury for which money damages are insufficient. Difabio v. Omnipoint Communications , Inc. 66 D.D. 3rd 635 ( 2nd Dept. 2009) . and there exists no certainty for a measurement of damages. Samuelson v. Yassky 29 Misc. 3rd 840 ( Sup Ct. Ny 2010). Satisfaction of the requirement is generally presumed when Real Property is the Subject of the action Wasserman v. Manson 225 A.D. 42 ( 1st dept. 1029), Lezell v. Forde 26 Misc. 3rd 435 ( Kings Sup. 2009).

33. A brief reading of the affidavits submitted and the exhibits point to the fact that Cohen has and will continue to circumvent the operating agreement as well as the other agreements the parties entered into with the goal of administering to and eventually profiting on the Braffit Creek Property of which CBED is improperly administering. The Defendant will not stop as he has not stopped in continuing to " freeze out " the Plaintiff's who will if no action is taken Lose it's share of the benefits. It is respectfully submitted that the defendant will continue to solicit Ultra Vires Deals which will further compromise the Property and Company, he will continue to act as if my clients and their contractual rights do not exist and he will continue to to seek our new " partners" or ventures which will further encumber CBED plaintiff's contractual rights therein.

43. The Defendant ceased making the required payments to administer the Bankruptcy Proceeding making it a distinct possibility that ( 1) the court in Nevada will order a rush liquidation with the Plaintiff left out in the cold, and/or (2) in his desperation he will solicit new Patsies and fleece them of their money and give them a part ( without consent or notice ) of CBED to other unsuspecting parties.

44. Procedurally, while not perfect, the Summons and Complaint does include Counts of Specific performance and a request for a permanent injunction. As such and view of the dangers as set forth herein it is exigent that this relief be granted.

45. The final test is the balancing of the Equities. The Second department has stated that it must be shown that the harm to the Plaintiff outweighs the harm to the Defendant. Mclaughlin, et al v. W.J. Nolan and Co 114 A.D. 2nd 165( 2nd Dept 1986), Nassau Roofing and Sheet Metal Co v. Facilities Development Corp. 70 A.D. 2nd 1021 (Nass. Sup. 1979).

46. The burden is met here clearly. The defendant has clearly violated and in fact vitiated the

Agreements which gave the Plaintiff's their rights. The actions of the defendants have already

lead to one Judgment and at least two lawsuits which directly impact the ability of the Plaintiff's.

47. The Plaintiffs have paid all of their money to Defendant who wrongfully refused to implement

to operating agreement and in so doing have financed the position the wrong doer now enjoys. In

the event of this motion being granted the Plaintiffs may however be able to rectify the situation

through the procurement of additional monies if they can show such contributors that their interest

will not disappear.  The irreparable injury Plaintiff's may suffer is vastly greater than the

defendant.

48. In Borriello v. Loconte 42 Misc. 3rd 1228  ( Sup. Ct. Kings) brought an action against the

defendants for breach of Fiduciary Duties and self dealing. The injunction was granted to stop the

Defendants from self dealing and from using corporate funds to defend the Lawsuit. In this matter

it is believed that much of Plaintiff's money went to defending the defendant and CBED from the

other persons who were injured in the past most notably the Texas case and the RMB case as stated

above. In fact some of defendants proceeds may have been used to pay off RMB. As such we

request that the injunction be granted.


## DEFENDANT HAS ACTED IN BAD FAITH BEFORE THIS COURT

49. While not completely germane to the relief requested herein The defendant Cohen, attempted

To "sewer service" the plaintiff's in the Superior Court of the  State of New Jersey under docket

number BER-L- 20217-14. Upon discovery of that suit, the Plaintiff's went to court to contest the

matter but were told it was dismissed an d records indicate it was dismissed on June 26th 2015.

50. Thereafter the Defendant Cohen Braffits attempted to obtain a default against One Kenan

Nimeh, and to restore the case against the Plaintiff's. That case was dismissed for lack of subject

matter jurisdiction again, by order of the Homorable Judge Hartz.

51. In the motion mentioned in paragragh 3 the Defendant attempted to file a motion fpr " forum non convenience " and in it alleged " said action is pending" when in fact it has been dismissed since June and has not been restored. We believe this is significant misrepresentation is an effort to distract the court at the very least.. At least as of the date of this affirmation in support  order to show cause, that motion has not been refiled.( copies of these documents will be supplied at oral argument )

52. In view of the foregoing we respectfully request that  this order to show cause be granted in it's entirety.

53. There has been no previous application made for the relief requested has been made in this Court or any other Court.

By: _____

Affirmed this
7+h day of October 2015

Michael  L. Previto
Attorney of Law
6 Lyndon Lane
Centereach, New York 11720
631-379-0837

# Exhibit M

### Attorney Certification

I Michael L. Previto, hereby certify, under the penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances ,the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCCR sect 130.1.1c

Dated 10/7 2015                          _____
                                              Michael L. Previto

# Exhibit N

Case 2:15-cv-05995-ADS Document 1-2 Filed 10/19/15 Page 40 of 62 PageID #: 113

Exhibit 1

FILED: NASSAU COUNTY CLERK 08/15/2015 11:19 PM

NYSCEF DOC. NO. 1

INDEX NO. 605266/2015

RECEIVED NYSCEF: 08/15/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
                                                    X

Eric Taubman, William Mayer
and First National Land Development
Company of New York, LLC.

                          Plaintiffs

-Against -

Zohar Cohen, a.k.a. Zohar Abikzer, a.k.a.
Zohar Abikzer Cohen, Cohen Braffit Estate
Development, LLC, Thomas Williams and
Braffits Mountain Liquidation Unit, LLC
                          Defendants
                                                    X

Index no 605266/2015
Date Summons filed 8-15-2015
Plaintiff designates Nassau
County as the place of Trial
Basis of Venue: Plaintiffs residence

SUMMONS WITH NOTICE

Plaintiff Resides at: 35 Wheatley Rd
                    Old Westbury, NY 11568

To the above named Defendants:

   YOU ARE HEREBY SUMMONED To serve a Notice of Appearance on the Plaintiff's Attorney within
Twenty (20 ) days after the service of this summons, exclusive of the day of service ( or within thirty
(30) days after the service is complete if this summons is not personally delivered to you within the
state of New York), and in case of your failure to appear judgment will be taken against you by default
for the relief demanded in the notice set forth below.

Dated August 15, 2015

                              Michael L. Previto
                              Attorney for Plaintiff
                              6 Lyndon lane
                              S. Setauket, N.Y. 11720
                              631-379-0837

The relief sought is a Judgment in the amount of $4,812,000.00 in favor of the Plaintiffs against the
defendants in this action. The nature of any ancillary relief requested is attached in the complaint.

To: Zohar Cohan, a.k.a. Zohar Abikzer

   a.k.a Zohar Abikzer Cohen
   29 Dolson Road
   Monsey, New York 10952

To : Braffits Mountain Liquidation Unit ,LLC
   35 Wheatley Road
   Old Westbury, New York 11568

To: Cohen-Braffits Estate Development, LLC

   721 Fifth Avenue
   New York, N.Y. 10022

To: Thomas Williams, Esq.
   220 Franklin Turnpike
   Mahwah, N.J. 07430

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
------------------------------------------------------------X

Eric Taubman, William Mayer, and                                    Index no.
First National Land Development Company of
New York, LLC.

                                                    Plaintiffs,        **VERIFIED COMPLAINT**

    -against-

Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar Abikzer
Cohen, Cohen Braffits Estate Development, LLC.,
Thomas Williams, Esq., and Braffits Mountain
Liquidation Unit, LLC,

                                                    Defendants.

------------------------------------------------------------X

Plaintiffs by its attorney Michael L. Previto, as and for its Verified Complaint, respectfully

alleges as follows:

1. Plaintiff Eric Taubman is an individual residing at 35 Wheatley Road, Old Westbury, in the
   County of Nassau, State of New York.

2. Plaintiff William Mayer is an individual residing at 149-30 83r$^d$ Street, Howard Beach, in
   the County of Queens, State of New York.

3. Plaintiff First National Land Development Company of New York, LLC., hereinafter
   sometimes referred to as FNLDC, is a New York Company having an office located at 31
   Wheatley Road, Old Westbury, N.Y. and is owned by Plaintiffs Mayer and Taubman.

4. Upon information and belief defendant Zohar Cohen, a/k/a Zohar Abikzer, a/k/a Zohar
   Abikzer Cohen (hereafter referred to as Cohen) is an individual who resides in the State of
   New York having an address located at 29 Dolson Road, Monsey, New York 10952 and
   also does business at 721 Fifth Avenue, New York, NY 10022.

5. Upon information and belief the defendant Thomas Williams, Esq., is an Attorney at Law
   having offices located at 220 Franklin Turnpike, Mahwah, New Jersey 07430, and office
   located at 16 Chestnut Street, Suffern, NY 10901.

6. Defendant Cohen Braffits Estate Development, LLC., hereafter sometimes referred to as
   CBED, is a New York Limited Liability Company that maintains an office located at 721
   Fifth Avenue, New York, NY and is owned by defendant Cohen.

7. Defendant Braffits Mountain Liquidation Unit, LLC., hereafter sometimes referred to as BMLU, is a New York Company equally owned by the plaintiff's Company FNLDC and the defendant's Company CBED.

8. Plaintiffs Mayer and Taubman and defendant Cohen are contracted joint owners of the Braffits Liquidation Unit, LLC (BMLU) formed for the purpose of purchasing, owning and holding that piece of distressed property currently held by the United States Bankruptcy court in the State of Utah, now hereafter referred to as the Braffits Mountain Property.

9. Upon information and belief, prior to the plaintiff's involvement with defendant Cohen and the Braffits Mountain Property, it was alleged in a New York Supreme court action, RMB Properties vs .Zohar Cohen., the formation of Braffits Estates Development, LLC and its purchase of the interest, rights, and ownership of the Braffits Mountain Property. The defendant Cohen solicited and induced one RMB Properties to fund the defendant the sum total amount of $120,000. This inducement was fraudulent.

10. On or about March 4, 2013, a company called Kennedy Funding, Inc., a New Jersey corporation, entered into a Note and Mortgage Purchase and Sale Agreement with defendant Cohen Braffits Estates Development, LLC. (CBED), an entity formed by defendant Cohen on information and belief using the funds wrongfully taken from RBM. Neither Plaintiff nor Plaintiff's principal was a member of Cohen Braffits Estates Development, LLC.

11. Cohen did not use RMB's $120,000 in accordance with the original deal that had been discussed with defendant Cohen by RBM, and RBM sought Judgment for the return of the $120,000, with interest, asserting causes of action for quasi contract (unjust enrichment), conversion, breach of fiduciary duty, violation of Judiciary Law § 487 and injunctive relief.

12. Thereafter defendant Cohen approached plaintiff's Mayer and Taubman to purchase a certain note and interest in the Braffits Mountain Property. The parties discussed the purchase, and formed an entity named the Braffits Mountain Liquidation Unit LLC, (BMLU), to purchase the note from defendant Cohen's company CBED. Defendant Cohen did not disclose the prior transaction or impending lawsuit with Plaintiffs Mayer and Taubman.

13. The Plaintiffs Mayer and Taubman then entered into a signed agreement with defendant Cohen for the purchase and ownership of fifty percent equal share of the Braffits Mountain Property.

14. Defendant Cohen assigned all of his rights, title, and interest in the Braffits Mountain Property to the Braffits Mountain Liquidation Unit, LLC, (BMLU), in an "Assignment of Real Estate Contract and Sale Agreement." As a result, plaintiff's company FNLDC and the defendant's company CBED are fifty percent owners of BMLU including fifty percent ownership of all holding.

15. Defendant Cohen thereafter breached the contract.

## AS AND FOR THE FIRST CAUSE OF ACTION

16. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

17. Plaintiffs, in good faith and with contemplation of commencement of a deal duly funded the defendants as follows: Payments of approximately $750,000.00 were to be made to along with a conveyance of properties located and commonly known as 1030 Woodycrest, Bronx, New York , 828 Cortland Bronx, New York and 1535 Taylor, Bronx New York, to the Hudson Valley Resort Spa in Kerhonkson, New York, and the Braffits Mountain Property in Iron County, UT as conveyed to the defendants. Said Properties was valued at 15,820,000.00.

18. As a result of the defendant's conduct, defendants have been unjustly enriched, and Plaintiff is entitled to recover, under the doctrines of unjust enrichment and quasi contract, the amount of $15,820,000.00 together with prejudgment interest, attorney's fees, expenses, costs and disbursements.

19. Plaintiff's have been damaged in the amount of 15,820,000.00 of which nothing has been paid.

## AS AND FOR THE SECOND CAUSE OF ACTION

20. Plaintiffs repeat, reiterate, and re allege the foregoing allegations as if fully stated herein.

21. That the defendants never lived up to their agreements and as such breached the contract between the Parties. As a result the Plaintiffs demand specific performance of the contracts awarding one half ownership of the defendant's company Cohen Braffits Estate Development, LLC., and also be declared one half owner of the Braffits Mountain Property located in Utah which is presently held in abeyance by a chapter Eleven Bankruptcy.

## AS AND FOR THE THIRD CAUSE OF ACTION

22. Plaintiffs repeat, reiterate, and reallege the foregoing as if fully stated herein.

23. That Plaintiffs seek a Declaratory Judgment confirming their contractual rights to the promissory note as per the signed contracts granting them jointly and severally one half ownership of the purchased note and all rights, interest and benefits derived from said ownership.

24. That the declaratory relief requested will 1. Confirm the Plaintiff's and Defendant's fifty percent ownership of BMLU through their respective company's, FNLDC and BBDE. and 2. Confirm the Plaintiff's claims and rights under the signed contracts with the defendant of certain property located in Utah known as the Braffits Mountain Property.

25. That Plaintiffs be granted full rights and participation in the Chapter 11 Bankruptcy proceeding presently pending in Utah with the assistance of a receiver if necessary.

26. That in additional to this relief that Plaintiffs be awarded all reasonable legal fees and costs incurred in the prosecution of this action

## AS AND FOR THE FOURTH CAUSE OF ACTION

27. Plaintiff repeats and re alleges each and every allegation hereinabove as if fully set forth herein.

28. The parties entered into a series of contracts whereby the defendants, jointly and severally were to pay off a tax lien on the distressed property and in general administer the rights of all parties with respect to expenses, costs and disbursements in the appearance and representation of all parties in the United States Bankruptcy Court in The State of Utah. This was part of the Contract whereby FNLDC was to receive half ownership of the Bronx properties and half ownership of the Hudson Valley Resort Spa where the defendants received all sums called for in the contracts.

29. Instead the defendant Cohen diverted the funds due the Braffits, paid only a small percentage of the back tax and thereafter refused to take any action with respect to the proper representation of the parties in said proceeding.

30. That furthermore the defendant Cohen either alone or in concert with others conspired to convert the Properties in New York commonly known as 1030 Woodycrest Bronx, New York, 1535 Taylor, Bronx, New York and 828 Cortland, Bronx New York to his own use, and as such liquidated said properties.

31. Said liquidation was without authority in the Contract and violated the terms and conditions of said contract and the laws of the state of New York, and the United States of America.

32. As such the defendant Cohen and his corporations are guilty of unlawful conversion and have damaged the Plaintiffs in the amount of at least 3 million dollars plus 6 million in punitive damages.

### AS AND FOR THE FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

34. The defendants jointly and severally are guilty of Breach of Contract.

35. Plaintiff has been damaged in the amount of at least 15,000,000.00 representing one half of the expected profits of the Utah land.

### AS AND FOR THE SIXTH CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation herein above as if fully set forth herein.

37. Thomas Williams is an Attorney duly admitted to practice law before the courts of New Jersey and New York and upon information and belief has a place of business located at 220 Franklin Turnpike, Mahwah, New Jersey, and at 16 Chestnut Street, Suffern, NY 10901.

38. In the Spring and summer of 2013 the defendant Williams acted as Attorney for defendant Cohen as well as for the Plaintiffs and their corporations.

39. That at the time Plaintiff Mayer along with one Inez Baron attended a meeting in April of 2013 with defendants Cohen and Williams. Mayer relied on the defendant William's advice and integrity as an Attorney in deciding whether to go forward with the transaction. That Defendants Zohar and Williams acting in concert advised the Plaintiff Mayer and subsequently Plaintiff Taubman that they were in control of Hudson Valley Resort and Spa

(HVRS) and that the Plaintiff's through FNLDC were 50% operating owners. In addition they supplied the Plaintiff with "spread sheets" showing the cash flow of HVRS and represented to them that upon receipt of $225,000.00 they would be half owners of the Braffits Mountain Property. As such they fraudulently induced Plaintiff's to pay the $225,000.00.

40. That at the behest of Cohen, Williams at a meeting in April 2013 showed the Plaintiff Mayer and one Inez Baron various documents that purported to show the relative safety of their investment, including a chart that represented that income from HVRS property would be more than enough to sustain the money required to continue the investment in the Braffit's project. Defendant Cohen, in front of Williams showed Plaintiff Mayer and Inez Baron copies of checks in the name of the Cohen Trust Fund for the amounts of 3 million and 6 million dollars.

41. Defendant Cohen, in front of Williams, represented he would have the resources to complete the deal after the $225,000.00 was paid using his family's "Cohen Trust Fund", if any problems arose. That further, " Profit and Loss" statements purporting to show the bright prospects of the HVHS were sent to Plaintiffs Mayer and Taubman, and one Kinan Nimeh, to further induce Plaintiff Mayer to mortgage his home and invest the sums requested. These documents were fraudulent, as well as Cohen's purported wealth, and Williams Knew it.

42. Further, the actions of defendant Williams in advising Plaintiff's induced the plaintiff Mayer to pay this money. Thereafter Williams sent an e-mail confirming these misrepresentations.

43. After the transaction, Plaintiff Mayer hired his own attorney, Andrew L. Jaloza, Esq., who attempted to obtain the status of the entities that were represented by Cohen and Williams to be profitable and thereby securing the funds Mayer sent, but was unsuccessful.

44. It was later found out that plaintiffs Mayer and Taubman had been deceived and that the properties were not generating sufficient income. That as a result the defendants fraudulently induced Mayer to send additional monies which were in fact never used for the purpose intended. It is now believed the " Cohen Family Trust Fund " never existed.

45. That as a result of the foregoing defendant Williams, Esq., acting in concert and in conspiracy with Cohen, fraudulently induced the " investment" of Plaintiff's money.

46. As a result of the foregoing the defendant Williams, Esq., is guilty of misrepresentation and fraud and has damaged the Plaintiffs in the amount of 350,000.00 plus interests costs and Attorney fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

47. Plaintiffs repeat, reiterate and re alleges the foregoing allegation as if fully stated herein.

48. Defendant Williams owed a duty to Plaintiffs of candor and truthfulness as well as a duty to properly investigate the facts he was asked to propound to the proposed investors. In failing to properly investigate and accurately report the true financial picture of the situation in order to allow the Plaintiffs to make a properly informed decision, the defendant Williams, Esq., is guilty of negligence and legal malpractice and has damaged the Plaintiffs in the amount of $350,000.00 plus interest due and owing since April 13 2013.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

49. Plaintiff repeats, reiterates and re alleges the foregoing as if fully stated herein.

50. That Cohen acting in concert with Williams, fraudulently induced the Plaintiff Mayer to apply for and procure a mortgage on his own premises, in an amount in excess of $224,000 which was represented by Cohen and Williams to be used as further investment in the above described transactions.

51. That in addition to the conduct alleged hereinabove Plaintiff Mayer was threatened with losing his investment to date unless he complied.

52. As a result of the foregoing, Plaintiff was damaged in the amount of $224,000 plus all interest and penalties as a result therein.

## AS AND FOR A NINTH CAUSE OF ACTION

53. Plaintiff repeats and realleges the foregoing allegations as if fully stated herein.

54. The defendant Zohar Cohen has over the past several years embarked on a scheme to defraud and embezzle a variety of persons and corporations, the plaintiffs have subsequently come to

know of three other investors who were swindled out of their investments in addition to the parties in this action.

55. That Defendant Cohen's actions, sustained and continuing, have now become a scheme designed as a continuing pattern of racketeering to deprive innocent people of their property and livelihood. In addition to Plaintiff's and RMG it is known he further induced one Harvey Weinstein to invest over 120,000.00 which was never returned or accounted for.

56. That the acts and occurrences that comprise this scheme have all been related to Real Property in this state and other states, in a pattern of fraudulent representations to people, companies and financial institutions.

57. That the damages alleged hereunder are but a part of the entire activity and as a result we request a forfeiture of all property rights that were obtained based upon this fraudulent enterprise.

58. As such it is requested that the Plaintiffs be awarded punitive damages in the amount of 15,000,000.00 plus interest.

## AS AND FOR AN TENTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates, and re alleges the foregoing as if fully stated herein.

60. Both defendants Cohen and Williams, Esq., have agreed and confirmed in writing and through plaintiffs Mayer's attorney , Andrew L. Jaloza, Esq., that upon the settlement of the Kennedy Funding, Inc. lien on the Braffits Mountain Property, that Cohen will "immediately" forward Plaintiff Mayer $300,000.

61. Upon information and belief the Kennedy Funding, Inc. lien was settled some time in January of 2014. Defendant Cohen did not inform the Plaintiffs of the lien settlement nor did they forward the money to the Plaintiffs or to the Plaintiff's company FNLDC.

62. Defendants Cohen and Williams, Esq., continue not to communicate with the Plaintiffs stating that we are "minority members," and not entitled to information. Plaintiffs attorney Andrew L. Jaloza, Esq., has not been successful obtaining any information on the Plaintiffs investments from both defendants. That as a result the Plaintiff's herein have been "shut out" of the transactions for which they contracted and paid money for.

63. Plaintiffs demand immediate payment of $300,000 now due and owing as per confirmed agreements.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

64. Plaintiff's repeat reiterate and reallege the foregoing allegations as if fully stated herein.

65. That at all times the defendant's Cohen Braffits Estates Development, LLC and Zohar Cohen were under a duty to protect and properly administer Plaintiff's rights in a Bankruptcy case Entitled Braffits Creek Estates , L.L.C. in a Chapter 11 Bankruptcy proceeding docketed in the United States bankruptcy Court, Nevada District under case number BK-S-12-19780.

66. That after obtaining the monies alleged above the defendants Cohen Braffits Estates and Zohar Cohen failed to Protect Plaintiff's rights in that proceeding which had to do with the administration under a chapter 11 plan which included the paying of Court and United States Trustee fee, the payments it agreed to pay to Debtor's Counsel , the failure to submit operating reports as required by the Court and it's local rules, and failed to abide by the confirmation order and other orders of that Court.

67. Further, the Defendants have not established and funded a liquidation trust as required by Order of the bankruptcy Court.

68. These defaults are considered " material " to the confirmation proceeding and the defendants have failed to take the proper action to protect its investors, the plaintiffs in its stake in the properties presently held by the bankruptcy court.

69. As a result of the foregoing the defendants  through their consistent failure to properly administer the Plan they themselves put forth and had confirmed have forced the United States Trustee to move that  court to convert the chapter 11 filing to a Chapter 7, which has jeopardized the Plaintiff's ability to protect their interests in the Bankruptcy Court.

70. As a result of the Foregoing the Plaintiff seek a temporary and then a permanent injunction against the defendants Cohen Braffits Estates Development, LLC and Zohar Cohen from impeding or interfering with  Plaintiff's actions in entering the United States Bankruptcy Court and asserting their rights and curing the defaults brought about by  Zohar Cohen and Cohen Braffits Estates Development, LLC and furthermore in participating in and helping bring about the proper administration of the bankruptcy Estate.

71. That the plaintiffs be appointed as Receiver of the Entity known as Cohen Braffits Development Estate, LLC. with full rights to administer actions of the Company, or in the alternative to this court appoint a receiver to carry out these duties and to protect the Plaintiffs and their rights.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

(i)    A declaratory Judgment awarding Plaintiff's full rights in the Braffit Properrty.

(ii)   The recovery of 15,820,000.00 from the defendants Cohen and Cohen Braffits Estate Development, LLC., and such other related companies as may exist.

(iii)  The recovery of $ 350,000.00 from the defendant Williams, along with compensatory damages with respect to the malpractice cause of action.

(iv)   Awarding Plaintiff costs, disbursements and attorneys' fees associated with this action,

(v)    That Plaintiffs be appointed Receiver for the Cohen Braffits Estates Development, LLC., and that the defendants be enjoined from any interference of Plaintiff's actions and duties in carrying out the proper administration of the defendant Cohen Braffits Estate Development, LLC..

(vi)   Immediate payment of Kennedy Funding lien agreement of $300,000.00, and

(vii)  Such other and further relief as the Court deems just and proper.

Dated: 8/15/15

By: _____

Michael L. Previto
Attorney of Law
6 Lyndon Lane
Centereach, New York 11720
631-379-0837

To: Zohar Cohen
a/k/a Zohar Abikzer
a/k/a Zohar Abikzer Cohen
29 Dolson Road
Monsey, New York 10952

Cohen Braffits Estate Development
721 Fifth Avenue
New York, N.Y. 10022

Braffits Mountain Liquidation Unit
31 Wheatley Road
Old Westbury, New York 11568

Thomas Williams Esq.
16 Chestnut Street
Suffern, New York 10901

VERIFICATION


Michael L. Previto, an Attorney duly admitted to practice law before the courts of the state of New York hereby affirms that he is the Attorney for the Plaintiffs, that he has read the foregoing allegations contained in the attached  in the complaint ,knows the contents therein and believes the same to be true except  those allegations  based  upon information and belief which he believes to be true. The reason your affiant is submitting this verification is due to Plaintiff residing in a County other than where your affiant maintains his office and this verification is based on conversations with Plaintiff as well as books, documents and records maintained in his office received by from Plaintiff.


Affirmed this  15th

Of August 2105                                    Michael I. Previto  Esq.

## Attorney Certification

I, Michael L. Previto, hereby certify, under the penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, Formed after an inquiry reasonable under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCCR Section 130-1.1. c

Dated : 8/15/15

Michael L. Previto

STATE OF NEW YORK      NASSAU      COUNTY    SUPREME          COURT

DOCUMENTS SERVED WITH INDEX # 605266/2015

ATTORNEY(S) Michael L. Previto, Esq. ,

| | |
|---|---|
| *Eric Taubman et al* | *Plaintiff(s)/Petitioner(s)* |
| *vs* | |
| *Zohar Cohen et al* | *Defendant(s)/Respondent(s)* |

County of _____ Rockland _____ , State of _____ New York _____ .

_____ Claire Ryan _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years

of age and resides at _____ Orange County, NY _____ . On _____ August 31, 2015 _____ at _____ 12:10 pm _____

at _____ 220 Franklin Turnpike , Mahwah, NJ 07430 _____

deponent served a        Notice of Commencement of Action Subject to Mandatory Electronic Filing
Summons with Notice, Verified Complaint

UPON: _____ **Thomas W. Williams** _____ , **Defendant**
(herein called recipient) therein named.

**INDIVIDUAL** [x]   by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION** [ ]   A _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON** [ ]   by delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business   [ ] dwelling house (usual place of abode) within the state.

**AFFIXING TO DOOR** [ ]   by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat

Day _____ Date _____ Time _____    Day _____ Date _____ Time _____
Day _____ Date _____ Time _____    Day _____ Date _____ Time _____

**MAILING COPY** [ ]   Deponent caused a copy of same to be enclosed in a first class postpaid sealed wrapper properly addressed to recipient at recipient's last known [ ] residence [ ] place of employment at: _____ and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of New York on _____ . Bearing the legend "Personal and Confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns a legal action.
[ ] and within 24 hours of service by First Class and Certified mail receipt # _____

**DESCRIPTION** [x]   A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex _____ Male _____ Color of skin _____ White _____ Color of hair _____ Brown _____ Approx. Age _____ 55 _____
Approx. Height _____ 5'9" sit _____ Approx. weight _____ 175 _____ Other eyeglasses _____

**WITNESS FEES** [ ]   $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO** [ ]   Deponent was able to identify recipient from a photograph.

**MILITARY SERVICE** [x]   Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed that recipient was not.

Sworn to before me on this   1st   day of   September, 2015

                                           *Claire Ryan*
                                           Claire Ryan

MARK SANDSTROM
NOTARY PUBLIC, State of New York
No. 01SA4899787 Qualified in Rockland Co.
Term Expires May 26, 2019

Invoice•Work Order # 9952931

*ATTORNEY SERVICE BUREAU, P.O. BOX 382, POMONA, NEW YORK 10970, 845-638-1323*

Index # **605266/2015**
Purchased/Filed: August 15, 2015

Attorney(s)

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

State of New York                 Supreme Court                 Nassau County

Eric Taubman et al

Plaintiff

against

Zohar Cohen aka Zohar Abikzar akak Zohar Alikzer Cohen et al          Defendant

STATE OF NEW YORK )        **DESCRIPTION OF PERSON SERVED:**      Approx. Age:  55 Yrs.
COUNTY OF ALBANY  ) SS
CITY OF ALBANY    )        Weight: 120 Lbs. Height:    5'   Sex: Female Color of skin:  White

Hair color:  Brown   Other:

_____Kyle Warner_____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____August 24, 2015_____ , at _12:00 pm_ , at the office of the

Secretary of State of the State of New York located at 99 Washington Ave, 6th Fl, Albany, New York deponent served
Summons With Notice & Verified Complaint

on

### Cohen Braffit Estate Development LLC

the Defendant in this action, by delivering to and leaving with _____Sue Zouky_____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of ____40____ dollars; That said service

was made pursuant to Section  LIMITED LIABILITY COMPANY LAW §303 .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

24th  day of _____ August 2015

PAULA J. COLE
NOTARY PUBLIC, State of New York
No. 01CO9042570, Albany County
Commission Expires September 30, 2018

Kyle Warner

Invoice-Work Order # 1516027
Attorney File #  **Taubman**

STATE OF NEW YORK       NASSAU      COUNTY    SUPREME        COURT

DOCUMENTS SERVED WITH INDEX # 605266/2015

ATTORNEY(S) Michael L. Previto, Esq. ,

| | |
|---|---|
| *Eric Taubman et al* | Plaintiff(s)/Petitioner(s) |
| vs | |
| *Zohar Cohen et al* | Defendant(s)/Respondent(s) |

County of _____ Rockland _____ , State of _____ New York _____ .

_____ Mark Sandstrom _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years

of age and resides at _____ Rockland County, NY _____ . On _____ September 3, 2015 _____ at _____ 8:18 am _____

at _____ 29 Dolson Road , Monsey, NY 10952

deponent served a     Notice of Commencement of Action Subject to Mandatory Electronic Filing
Summons with Notice, Verified Complaint

UPON: _____ Zohar Cohen a/k/a Zohar Abikzer a/k/a Zohar Cohen Abikzer _____ , _____ Defendant
(herein called recipient) therein named.

INDIVIDUAL   by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
☐     described as said person therein.

CORPORATION   A _____ corporation, by delivering thereat a true copy of each to _____
☐     personally, deponent knew said corporation so served to be the corporation, described in same as said recipient
and knew said individual to be _____ thereof.

SUITABLE AGE   by delivering a true copy of each to _____ a person of suitable age and discretion.
PERSON     Said premises is recipient's   [  ]actual place of business     [  ]dwelling house (usual place of abode) within the state.
☐

AFFIXING TO   by affixing a true copy of each to the door of said premises, which is recipient's     [  ] actual place of business
DOOR     [x] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
☒     or a person of suitable age and discretion, having called thereat

Day _____ Mon _____ Date _____ 8/31/15 _____ Time _____ 12:25 pm _____ Day _____ Tues _____ Date _____ 9/1/15 _____ Time _____ 4:12 pm
Day _____ Wed _____ Date _____ 9/2/15 _____ Time _____ 8:10 pm _____ Day _____ Thur _____ Date _____ 9/3/15 _____ Time _____ 6:18 am

MAILING   Deponent caused a copy of same to be enclosed in a first class postpaid sealed wrapper properly addressed to recipient at
COPY     recipient's last known [x]residence   [  ] place of employment at:     29 Dolson Road , Monsey, NY 10952
☒     and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the
U. S. Postal Service within the State of New York on _____ 9/3/15 _____ .

Bearing the legend "Personal and Confidential" and not indicating on the outside thereof, by return
address or otherwise, that the communication is from an attorney or concerns a legal action.
Deponent confirmed with neighbor, Cohen residence but they were unable to provide place of employment.

DESCRIPTION   A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
☐     Sex _____ Color of skin _____ Color of hair _____ Approx. Age _____
Approx. Height _____ Approx. weight _____ Other _____

WITNESS FEES $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
☐

PHOTO   Deponent was able to identify recipient from a photograph.
☐

MILITARY   Deponent asked person spoken to whether the recipient was presently in military service of the United States
SERVICE     Government or on active duty in the military service in the State of New York and was informed that recipient was not.
☐

Sworn to before me on this _____ 3rd _____ day of _____ September, 2015

_____        Mark Sandstrom

MARIBETH HARMON
Notary Public, State of New York
No. 01HA620213, Qualified in Rockland
Commission Expires March 9, 2017        Invoice-Work Order # 9952930

*ATTORNEY SERVICE BUREAU, P.O. BOX 382, POMONA, NEW YORK 10970, 845-638-1323*

# Exhibit O

Case 2:15-cv-05995-ADS   Document 1-2   Filed 10/19/15   Page 59 of 62 PageID #: 132

Exhibit 2

**Assignment of Real Estate Contract and Sale Agreement**

This document, in fact, presently gives us 50% ownership of the Utah property by Zohar assigning his entire rights and ownership to the Braffits Mountain Liquidation Unit, LLC., (BMLU). BMLU, exhibit B of this case, shows that BMLU is half owned by Zohar's company, CBED, and my company, FNLDCNY. I was present at the signing of this document in NYC on 6/5/13 before Zohar Cohen. Exhibits A1, A2, and A3 where signed together on the same date.

See exhibit F for the "Kennedy Funding Note and Mortgage Purchase and Sales Agreement," mentioned in this agreement.

# ASSIGNMENT OF REAL ESTATE CONTRACT
# AND SALE AGREEMENT

This Assignment of Real Estate Contract and Sale Agreement (the "Agreement") is effective March 26, 2013],

**BETWEEN:**          **Cohen Braffits Estates Development, LLC** (the "Lessor"), a corporation organized and existing under the laws of the State of New York, with its head office located at:

    Cohen LP, 711 Fifth Avenue, New York, New York 10022, as purchaser ("Purchaser").

**AND:**          **Braffits Mountain Liquidation Unit, LLC** (the "Lessee"), a corporation organized and existing under the laws of the State of New York, with its head office located at:

    31 Wheatley Road, Old Westbury NY 11568

## RECITALS

WHEREAS, Assignor has entered into a certain Real Estate Purchase and Sale Agreement with Kennedy Funding, INC as "Seller" and Assignor as "Buyer" which Agreement was executed on 3/1/13, by said Assignor and on 3/1/13, by said Seller for the purchase and sale of certain real property being, lying and situate at Braffits Creek, Iron County, Utah, and more particularly described in said Agreement, copy of said Agreement being attached hereto as Exhibit "A"; and,

WHEREAS, Assignor desires to assign, transfer, sell and convey to Assignee all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement; and,

WHEREAS, Assignee is desirous of receiving all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement;

## TERMS

NOW, THEREFORE, for and in consideration of the sum of 1.00 and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned, transferred, sold and conveyed and by these presents does hereby assign, transfer, sell and convey unto Assignee all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement. Assignee hereby assumes all of Assignor's duties and obligations under said Real Estate Purchase and Sale Agreement. This Assignment shall be binding upon Assignor and shall inure to the benefit of Assignee and its successors, heirs and assigns.

IN WITNESS WHEREOF this Assignment has been signed, sealed and delivered by Assignor and Assignee as of the day and year first above written.

ASSIGNEE                                                        ASSIGNOR

_____                          _____
Authorized Signature                                    Authorized Signature
William Mayer
Eric Taubman, Braffits Mountain Liquidation Unit, LLC          Zohar Cohen, Cohen Braffits Estates Development, LLC
Print Name and Title                                      Print Name and Title

William Mayer

---

Assignment of Real Estate Contract and Sale Agreement                          Page 1 of
16

# ASSIGNMENT OF REAL ESTATE CONTRACT
# AND SALE AGREEMENT

This Assignment of Real Estate Contract and Sale Agreement (the "Agreement") is effective March 26, 2013],

**BETWEEN:**     **Cohen Braffits Estates Development, LLC** (the "Lessor"), a corporation organized and existing under the laws of the State of New York, with its head office located at:

Cohen LP, 711 Fifth Avenue, New York, New York 10022, as purchaser ("Purchaser").

**AND:**     **Braffits Mountain Liquidation Unit, LLC** (the "Lessee"), a corporation organized and existing under the laws of the State of New York, with its head office located at:

31 Wheatley Road, Old Westbury NY 11568

## RECITALS

WHEREAS, Assignor has entered into a certain Real Estate Purchase and Sale Agreement with Kennedy Funding, INC as "Seller" and Assignor as "Buyer" which Agreement was executed on 3/1/13, by said Assignor and on 3/1/13, by said Seller for the purchase and sale of certain real property being, lying and situate at Braffits Creek, Iron County, Utah, and more particularly described in said Agreement, copy of said Agreement being attached hereto as Exhibit "A"; and,

WHEREAS, Assignor desires to assign, transfer, sell and convey to Assignee all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement; and,

WHEREAS, Assignee is desirous of receiving all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement;

## TERMS

NOW, THEREFORE, for and in consideration of the sum of 1.00 and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned, transferred, sold and conveyed and by these presents does hereby assign, transfer, sell and convey unto Assignee all of Assignor's right, title and interest in, to and under said Real Estate Purchase and Sale Agreement. Assignee hereby assumes all of Assignor's duties and obligations under said Real Estate Purchase and Sale Agreement. This Assignment shall be binding upon Assignor and shall inure to the benefit of Assignee and its successors, heirs and assigns.

IN WITNESS WHEREOF this Assignment has been signed, sealed and delivered by Assignor and Assignee as of the day and year first above written.

ASSIGNEE                                                          ASSIGNOR

_____                          _____
Authorized Signature                                      Authorized Signature

William Mayo
Eric Taubman, Braffits Mountain Liquidation Unit, LLC          Zohar Cohen, Cohen Braffits Estates Development, LLC
Print Name and Title                                      Print Name and Title

William Mayo

---