UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Eric Taubman, and William Mayer, and
First National Land Development Company of
New York, LLC,

Case #: 2:15-cv-05995-ADS

**SUPPORTING AFFIRMATION**

Plaintiffs,

- against -

Zohar Cohen a/k/a Zohar Abikzer, Cohen Braffits
Estate Development, LLC, Thomas Williams,
Braffits Mountain Liquidation Unit, LLC,

Defendants.
------------------------------------------------------------x

STATE OF NEW YORK     )
                                           ss.
COUNTY OF ROCKLAND  )

      ABRAHAM KLEINMAN, an attorney admitted to practice before the courts of the State of New York, affirms the following statements under the penalty of perjury:

      1.     I am the proposed intervenor and an attorney admitted to practice law before the courts of the State of New York, and make this affirmation in support of my motion to intervene of right and/or permissively in this case. My proposed Intervenor Complaint is annexed hereto as Exhibit A. I am fully familiar with the facts set forth herein.

      2.     The underlying subject matter of this action involves a real estate development known as Braffits Mountain in Utah. The owner became financially distressed and went into bankruptcy. The case is entitled *In re Braffits Creek Estates, LLC*, BK-12-19780-led (U.S.B.C. Dist. of Nevada). The first note and mortgage on the Braffits Mountain property was acquired by Cohen Braffits Estates Development LLC (hereinafter "CBED"). CBED's Operating Agreement

was made by and between me and defendant Zohar Cohen (hereinafter "Zohar"). CBED is expected to emerge shortly from the bankruptcy with title to the Braffits Mountain.

3. CBED's Operating Agreement originally provided that Zohar and I had equal 50% ownership interests in CBED. It does not mention the *Taubman* plaintiffs, and I did not know any of them until after they commenced this action. By a subsequent written agreement, dated July 15, 2014, Zohar conveyed 2% of his interest to me outright, and provided for conveyance of another 5% of Zohar's interest to me if he did not make specified payments which he did not in fact make. On the same date, Zohar entered into a separate pledge agreement whereby he pledged his entire remaining interest in CBED to me as security for substantial debts.

4. Pursuant to paragraph 7.1 of the Operating Agreement, I am the majority member of CBED with the sole and exclusive right to manage the company.

5. I invested $1,375,500.00 in the acquisition of the first note and mortgage on the Braffits Mountain property. Although Zohar had agreed to pay all further expenses, he defaulted. I came to learn that Zohar is an imposter, who is not a member of the Cohen family, a famous New York City real estate powerhouse, but a fraudster from Monsey, New York. I subsequently was compelled to invest additional monies in order to avoid forfeiture of my substantial investment, and had to make substantial additional payments for bankruptcy fees and expenses including post and pre confirmation real estate taxes in Utah totaling $1,601,000.00. Accordingly, I have invested a total of $2,976,500.00 of my personal funds in the venture.

6. Just prior to defendants' removal of this case from state court where it was commenced, I moved to intervene and for other relief. Defendants removed the case before any decision by the state court judge. Based on the foregoing, and pursuant to FRCP Rule 24, I am

clearly entitled to intervene in this action as of right and/or permissively. I have an interest in CBED and the Braffits Mountain property which is the underlying subject matter of this lawsuit. The Taubman plaintiffs do not adequately represent my interests and are adverse to my interest because they claim rights that they do not have under CBED's Operating Agreement and my other agreements with Zohar.

7. In addition, the adjudication of this case as a practical matter would tend to impair or impede my ability to protect my interests; therefore, my motion to intervene should be granted. For instance, the Taubman plaintiffs on October 9, 2015 obtained a temporary restraining order from the state court judge below, without opposition and without any prior notice to me (Exhibit B). Since the case was removed to federal court, and more than 14 days have expired and the Taubman plaintiffs have not made any application nor demonstrated any good cause to extend them, the restraints pursuant to FRCP Rule 65(b)(2) have expired or, alternatively, under Rule 65(b)(4) should be dissolved. The removal of restraints may be vital to CBED's orderly management and success going forward.

8. The *Taubman* restraints and the claims asserted by the Taubman plaintiffs, including but not limited to the appointment of a receiver, would clearly tend to impair my sole rights as majority member of CBED to manage the company. Zohar has likewise breached CBED's Operating Agreement and refused to recognize my rights and frozen me out of management, for which I am likewise seeking redress.

9. I previously applied for restraints in my favor in my case while it was pending in state court, where it was originally entitled *Kleinman v. Cohen,* Index No. 033699/2015 (Sup. Ct., Rockland Co.). My rights are established under CBED's Operating Agreement, other written

agreements between me and Zohar and the purchase moneys and substantial subsequent investment that I have made to assure successful completion of CBED's reorganization plan. Simultaneous with the instant motion to intervene in this action, I intend to renew my request for preliminary and temporary relief before the assigned federal judge who is now handling my case, which is now entitled *Kleinman v. Cohen*, Adv. Proc. #15-08359-rdd (U.S.B.C. S.D.N.Y.) (Judge Robert D. Drain).

10. Based on the foregoing, I am entitled and should be permitted to intervene in this action so that the issues herein and all parties affected thereby may be properly adjudicated. Furthermore, I request that this Court exercise its discretion to entertain and decide my motion notwithstanding the Standing Order in this District, dated August 28, 1986, relative to the referral of cases arising under or related to a Chapter 11 proceeding to the Bankruptcy Judges for this District.

WHEREFORE, it is respectfully requested that the motion by Abraham Kleinman to intervene as of right and/or permissively be granted in its entirety, and that the Court declare the prior temporary restraints have expired and are no longer in effect and/or to dissolve such restraints, together with such other and further relief as the Court may deem to be just, proper and equitable.

Date:  Chestnut Ridge, New York
       October 28, 2015

_____
Abraham Kleinman